## In re JARMULOWSKY et al.

## In re SPECTOR.

### (Circuit Court of Appeals, Second Circuit. May 14, 1919.)

### No. 161.

1. BANKS AND BANKING ⬅➡80(6)—SPECIAL DEPOSITS—NEW YORK STATUTE.

Banking Law N. Y. § 156, giving persons making deposits for safe-keeping or transmittal preferred claims against certain funds upon a private banker's insolvency, does not prevent such depositor from recovering money which he can trace and identify.

2. BANKRUPTCY ⬅➡140(3)—ASSETS OF BANKRUPT—NEW YORK STATUTE.

Trustee in bankruptcy of a private banker cannot retain money given bankrupt for transmittal, although Banking Law, N. Y. § 156, gives depositors for transmittal preferred claims against certain of banker's assets and authorizes them to also share pro rata with general creditors.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Harry Jarmulowsky and Louis Jarmulowsky, individually and as copartners under the firm name and style of S. Jarmulowsky. From an order granting the application of Leib Spector for payment of a preferred claim, the trustee appeals. Affirmed.

See, also, 249 Fed. 319, 161 C. C. A. 327, L. R. A. 1918E, 634.

The bankrupts were private bankers, a business in part regulated by statute in the state of New York. On the day before they suspended business and passed into the hands of the state superintendent of banking (and thence into bankruptcy), they received from the petitioner herein $288, for which they gave a receipt, setting forth that the money was to be forwarded to a definite person at a specified place in Europe "subject to conditions" on the back of said written receipt. Of these conditions the first was: "It is previously understood that we act as agents only for the sender."

Bankrupts never forwarded the money, and it was admittedly in possession of the bankrupts on the day of failure, and so ultimately passed to the trustee in bankruptcy.

Application having been made for the repayment of this money, the trustee set up as a defense section 156 of the Banking Law of New York, viz.:

"In case of the failure or suspension of any such private banker, the claims of persons for moneys on deposit or delivered for safe keeping or transmission shall be preferred against the proceeds of any securities deposited by such banker with the superintendent and against such assets as shall be shown by the books of such banker or by other legal evidence, to have been derived from the investment of such deposits, or from the investment of any permanent capital segregated and set aside for employment in his business as such banker. The depositors shall also share pro rata with general creditors in the proceeds of any other assets belonging to such banker." Consol. Laws, c. 2.

The court below granted an order for repayment, and the trustee took this appeal.

Julius B. Baer, of New York City, for petitioner.

Samuel F. Hyman, of New York City (Jacob J. Lesser, of New York City, of counsel), for trustee in bankruptcy.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. [1] That the Jarmulowskys in receiving this money acted in a fiduciary capacity, and that the person intrusting such money to them may on tracing the same into the possession of the trustee in bankruptcy recover it in solido, is sufficiently shown by our recent decision in Re Dolgenos, 254 Fed. 770, —— C. C. A. ——.

As to the statute relied on we may point out that there is in this record no evidence whatever that the bankrupts ever deposited any securities with the superintendent of banks or possessed any investments of the kind contemplated by the act; but, assuming the existence of such deposit or investment, we are of opinion:

1. The statute was not intended to and does not take away from persons dealing with a private banker as "depositors" or "transmitters" any rights or privileges, legal or equitable, which by general law they possessed prior to the passage of said act. It does exclude all creditors from participation in certain specified assets, until the claims of depositors and transmitters are satisfied.

The granting of such priority or preference is by statute made condition for the lawful transaction of the business of private banking; but such preference cannot of itself deprive a man of the right of tracing and claiming his own money when found in the possession of an unfaithful fiduciary—which is all that has occurred in the present instance.

[2] 2. Assuming that this petitioner as a transmitter is entitled to the statutory preference, the granting of the application below removed him from competition with other creditors similarly situated in respect of the assets described in the statute.

In so far as the trustee represents such preferred creditors, he is benefited by the order complained of; in so far as he represents general creditors, neither they nor he, as their representative, have any right to keep funds which are identified as the very money of petitioner below.

Order affirmed, with costs.