## In re BAJARDI et al.*

(District Court, S. D. New York. November 4, 1925.)

**1. Bankruptcy ⬩136(1)—Federal court held "court of competent jurisdiction" to direct New York state superintendent of banks to turn over to trustees in bankruptcy securities deposited by private bankers.**

Federal court *held* "court of competent jurisdiction" within New York Banking Law, § 161, to direct state superintendent of banks to turn over to trustees in bankruptcy certain securities deposited by bankrupt private bankers pursuant to such statute, to be liquidated and distributed in accordance with section 156, where bankrupts had been duly adjudicated bankrupts in federal court, and trustees were duly qualified and acting, and claims of depositors and general creditors being required to be proven in such court as provided in Bankruptcy Act (Comp. St. §§ 9585–9656).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Court (Of Justice).]

**2. Banks and banking ⬩15—Proceeds of securities deposited by private bankers for security of depositors are impressed with a trust.**

Proceeds of securities deposited by private bankers, pursuant to New York Banking Law, § 161, for security of depositors, are impressed with a trust, and must be applied and distributed as provided in section 156.

**3. Bankruptcy ⬩9(2)—Jurisdiction of United States Court to adjudge private bankers bankrupt and to administer their estates in bankruptcy is exclusive.**

Jurisdiction of United States to adjudge private bankers bankrupt, and to administer their estates in bankruptcy, is not only paramount but exclusive, and state law assuming to confer upon state officers or others authority to administer such bankrupt estates are superseded, and must give way when Bankruptcy Act (Comp. St. §§ 9585–9656) is properly invoked.

In Bankruptcy. Petition by the New York State Superintendent of Banks to review an order of the referee in bankruptcy, direct-

*Order affirmed 9 F.(2d) 797.

ing him to turn over to trustees in bankruptcy certain securities deposited by Vincenzo Bajardi and others, individually and as copartners trading as V. Bajardi & Co. Order confirmed.

Albert Ottinger, Atty. Gen., for Superintendent of Banks of New York.

David W. Kahn, of New York City, for trustees.

WINSLOW, District Judge. This is a petition by the New York State Superintendent of Banks to review the order of the referee in bankruptcy, directing the State Superintendent of Banks to turn over to the trustees in bankruptcy certain securities deposited by the bankrupts, private bankers, pursuant to section 161 of the Banking Law of the State of New York (Consol. Laws, c. 2), which order further directed that said securities should be liquidated and distributed in accordance with the provisions of section 156 of the Banking Law.

The Superintendent of Banks contends that he alone has authority to distribute the proceeds of the securities.

Section 161 of the Banking Law of New York provides that private bankers, as a condition for doing business, shall deposit with the superintendent of banks securities to an amount at least equal in value to 10 per cent. of the total deposits held by such private bankers, and further provides:

"Such stocks or bonds shall be registered in the name of the superintendent of banks officially as trustee for the depositors with such private banker, subject to sale and transfer and disposal of the proceeds thereof by the superintendent only upon the order of a court of competent jurisdiction after due notice to such private banker. * * *"

Section 156 of the Banking Law is as follows:

"In case of the failure or suspension of any such private banker, the claims of persons for moneys on deposit or delivered for safe-keeping or transmission shall be preferred against the proceeds of any securities deposited by such banker with the superintendent and against such assets as shall be shown by the books of such banker, or by other legal evidence, to have been derived from the investment of such deposits, or from the investment of any permanent capital segregated and set aside for employment in his business as such banker. The depositors shall also share pro rata with general creditors in the proceeds of any other assets belonging to such banker."

This section of the New York State Banking Law creates a preference in favor of depositors (or persons delivering moneys for safe-keeping or transmission) as distinguished from general creditors against (a) "the proceeds of any securities deposited by such banker with the superintendent"; and (b) "against such assets as shall be shown by the books of such banker, or by other legal evidence to have been derived from the investment of such deposits," etc.

The statute excludes "all creditors from participation in certain specified assets, until the claims of depositors and transmitters are satisfied." Re Jarmulowsky, 258 F. 231, 169 C. C. A. 297.

[1] The bankrupts have been duly adjudicated bankrupts in this court, and their trustees are duly qualified and acting. Presumably the trustees have reduced to possession the assets of the bankrupts other than the securities in the hands of the superintendent of banks. The claims of depositors and general creditors must be proven in this court, as provided in the Bankruptcy Act (Comp. St. §§ 9585–9656).

[2] The power of the state to require the deposit of the securities as a condition precedent to the transaction of business in this state is unquestioned, and all parties are in agreement that the proceeds of the securities thus deposited are impressed with a trust, and must be applied and distributed, as provided in section 156, supra.

Section 161, supra, provides that the transfer and disposal of the proceeds shall be made by the superintendent "only upon the order of a court of competent jurisdiction."

[3] Jurisdiction of the United States court to adjudge private bankers bankrupt and to administer their estates in bankruptcy is not only paramount, but is exclusive, and state laws assuming to confer upon state officers or courts authority to administer such bankrupt estates are superseded, and must give way when the Bankruptcy Act is properly invoked· This court, in this proceeding, is the "court of competent jurisdiction." Collier on Bankruptcy (13th Ed.) p. 212; Matter of Sage (D. C.) 224 F. 525.

The reasoning of Re Rosett, 204 F. 431, 122 C. C. A. 617, cited by counsel, is applicable to the view that the deposit with the superintendent of banks is indeed burdened with a specific charge. In the Rosett Case, however, the state comptroller (who formerly was the depository for such securities) had already turned over the securities to the trustee in bankruptcy. The right of the trustee in bankruptcy to distribute the proceeds was unchallenged; the only question in the Rosett Case was the claimed preference under the law then existing, of the banking creditors in the city of New York, as distinguished from other creditors, which claim was upheld by the Circuit Court.

The order of the referee will be confirmed.