## In re BAJARDI et al.

## Appeal of McLAUGHLIN, State Superintendent of Banks, et al.

(Circuit Court of Appeals, Second Circuit. January 4, 1926.)

No. 241.

1. **Bankruptcy ⬅440—District Court's order, confirming turn-over order of referee, is not appealable.**

Order of District Court, confirming order of referee directing superintendent of banks to turn over to trustee certain securities deposited by bankrupt, is not appealable, under Bankruptcy Act, § 25a (Comp. St. § 9609), and proper procedure is by petition to revise.

2. **Bankruptcy ⬅443—Where neither Attorney General nor state was made party to motion directed against superintendent of banks, petition to revise will be regarded as brought by superintendent of banks.**

In bankruptcy proceedings, where motion asking that certain securities deposited by bankrupt be turned over to trustees was directed to superintendent of banks, neither Attorney General nor the state could bring petition to revise, and petition will be regarded as brought by superintendent of banks.

3. **Bankruptcy ⬅136(1)—Alleged error in ordering superintendent of banks to turn over securities held not to go to capacity of court to adjudicate, but to propriety of decision.**

Alleged error in ordering superintendent of banks to turn over securities deposited with

him by bankrupt, in accordance with Banking Law N. Y. § 161, *held* not to go to capacity of court to adjudicate, but to propriety of its decision.

4. **Banks and banking ⬅15—Statute creating superintendent of banks trustee of securities deposited by private banker held not intended to prevent sale by order of court.**

Banking Law N. Y. § 161, creating superintendent of banks trustee for depositors of securities deposited with him by private banker, *held* not intended to prevent a sale or transfer or disposal of proceeds, when directed by order of court of competent jurisdiction.

5. **Bankruptcy ⬅9(2)—Bankruptcy court may administer securities deposited with superintendent of banks.**

Bankruptcy court is not deprived of authority to administer securities deposited with state superintendent of banks by private banker, who becomes bankrupt, by Banking Law N. Y. §§ 156, 161.

Petition to Revise Order of and Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Vincenzo Bajardi and others, individually and as copartners trading as V. Bajardi & Co., bankrupts. From an order of the District Court, confirming an order of the referee directing Charles V. McLaughlin, Superintendent of Banks of the State of New York, to turn over to trustees certain securities deposited by bankrupts, Charles V. McLaughlin and others appeal and petition that order be revised. Order affirmed.

For District Court's opinion, see 8 F.(2d) 551.

The bankrupts above named were "private bankers," as that phrase is defined by the statutes of New York. By the Banking Law of the state (Consol. Laws, c. 2, § 161) every "private banker, * * * shall transfer and assign to the superintendent of banks registered stocks or bonds of a kind in which savings banks are required * * * to invest their deposits, to an amount in value equal to at least ten per centum of the total deposits held by such private banker. * * * Such stocks or bonds shall be registered in the name of the superintendent of banks officially as trustee for the depositors with such private banker, subject to sale and transfer and disposal of the proceeds thereof by the superintendent only upon the order of a court of competent jurisdiction after due notice to such private banker. Until the order of such court authorizing such sale or transfer or other disposition thereof, such private banker shall be entitled to receive the income from such securities. * * *"

Section 156 of the same law declares that, "in case of the failure or suspension of any such private banker, the claims of persons for moneys on deposit * * * shall be preferred against the proceeds of any securities deposited by such banker with the superintendent [of banks]. * * * The depositors shall also share pro rata with general creditors in the proceeds of any other assets belonging to such banker."

By section 57 et seq. of the same law the superintendent is directed to take possession of the business and property of any private banker who among other things "has suspended payment of its obligations," and having so taken possession of such banker's business he may (section 62) appoint special deputies, counsel, etc., in order to liquidate the assets, give notice to creditors (section 72), accept or reject claims (section 75), and pay dividends to such persons as the "Supreme Court [of New York] in the judicial district in which the principal office of such" private banker is located, may direct (section 78).

In accordance with this statute, Bajardi & Co. deposited certain securities with the superintendent of banks, and subsequently were duly adjudicated bankrupts. The trustee in bankruptcy, upon due notice to the superintendent, moved for and obtained an order that the superintendent within a time limited "surrender to the trustee herein" the securities so deposited, and further ordering "that the trustees shall proceed to liquidate the said securities and distribute the same in accordance with the provisions of section 100 of the Banking Law of the state of New York."

Whereupon the Attorney General of the state, on behalf of the said superintendent and the "people of the state of New York" took an appeal and filed a petition to revise.

Albert Ottinger, Atty. Gen., of New York (Robert P. Beyer, Deputy Atty. Gen., of New York, of counsel), for appellants.

David W. Kahn, of New York City, for appellees.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] Appeal and petition to revise being mutually exclusive (In re Groton, etc. [C. C. A.] 5 F.[2d] 63), we note that the matter now before us does not fall within any of the cases specified in section 25a of the Bankruptcy Act (Comp. St. § 9609).

The proper procedure, therefore, is by petition to revise. In re Richardson Co. (C. C. A.) 3 F.(2d) 600.

[2] No reason is seen why either the state or the Attorney General should be considered as a party to this appellate proceeding. The motion was directed against the superintendent of banks alone; neither the Attorney General nor the state was made a party, and neither of them has anything to appeal from. We regard this matter as a petition to revise, brought by the superintendent of banks.

We discover no question of jurisdiction raised by the moving papers or answering affidavits, and in the alleged errors enumerated in the petition no allegedly jurisdictional point is raised, except that the court below "erred in interfering with and assuming jurisdiction over the sovereign right of administration of the said securities imposed by law upon the state of New York through its proper administrative officer."

[3] This does not go to the capacity of the court to adjudicate, but to the propriety of its decision. Thus the narrow question here raised is whether the statutory provisions above enumerated have, first, sought to create a right in the superintendent of banks exclusive of *all* courts to administer upon funds deposited with him pursuant to section 161; and second, whether, if such a scheme be the legislative intent, it can be regarded as operative if and when the nation renders private bankers subject to the operation of a national bankruptcy system, and that private bankers are so subject is not doubted.

We do not find it necessary to discuss or decide the second point, or consider the cases relied upon. In re Salmon (D. C.) 143 F. 396; In re Sage (D. C.) 224 F. 525. But under the first point we feel assured that the Legislature never intended to hand over to the superintendent the exclusive liquidation and distribution of one particular fund, to the exclusion of those courts which, under either insolvency or bankruptcy statutes, would necessarily be charged with the care and division of the rest of the banker's property.

[4] It is sought to spell such exclusive right out of the phrase in section 161 that "such stocks or bonds shall be registered in the name of the superintendent of banks officially as trustee. * * *" But the whole statute must be read, and from such reading it is to us clear that such trusteeship was not intended to prevent a sale, or transfer, or disposal of the proceeds thereof, when directed

by the "order of a court of competent jurisdiction."

[5] It cannot be doubted that the District Court for the proper district, sitting in bankruptcy, is a court of jurisdiction competent to obtain and administer the property of the bankrupt, and all of it. The very purposes for which the deposit is required by the statute are sufficient to show that the stocks, etc., were regarded by the Legislature as the property of the banker for the payment of his debts to a specified class of creditors.

It would require very strong language to compel belief that the state Legislature intended to invite conflict with the constitutional prerogative of the United States in respect of bankruptcies, and to inflict upon the creditors of an insolvent, or any class of them, the useless expenses of a double administration. It is well known that the practice below merely followed the procedure in several earlier bankruptcies of private bankers. Two of them reached this court. In re Rosett, 122 C. C. A. 617, 204 F. 431; In re Jarmulowsky, 169 C. C. A. 297, 258 F. 231.

The order is affirmed, with costs.