In re FAOUR et al.

No. 463.

Circuit Court of Appeals, Second Circuit.

Aug. 10, 1934.

Gerald Donovan, of New York City (Raymond D. Thurber and Francis F. Stevens, both of New York City, of counsel), for appellant Joseph A. Broderick, Superintendent of Banks.

Oppenheimer, Haiblum & Kupfer, of New York City (Milton P. Kupfer and Raphael L. Elias, both of New York City, of counsel), for receiver-appellee.

David Haar, of New York City, for Creditors' Committee, arguing on behalf of appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

Dominick J. Faour and George J. Faour were copartners in a mercantile business and as private bankers in New York City under the name D. J. Faour & Bros. On February 14, 1933, the superintendent of banks of the state of New York, pursuant to the provisions of the New York Banking Law (Consol. Laws, c. 2), took possession of such part of the assets of the partnership as were included in their private banking activities and has since been in possession of them for the purpose of liquidation under the state law. On December 29, 1933, the two men filed their petition as debtors under the provisions of section 74 of the Bankruptcy Act (11 USCA § 202) to obtain a composition and extension of all of their debts growing out of both their mercantile business and their operations as private bankers. On January 11, 1934, the Irving Trust Company was appointed receiver by the District Court and soon after notified the superintendent of banks to turn over to it all of the property of the debtors which was in his possession. The superintendent had, while endeavoring to liquidate, "sold many of the securities of the debtors; collected claims due them, and compromised such claims when advisable; compromised and settled claims existing against the debtors; made various leases of the real property of the debtors; and contracted to sell one piece of property." He had obtained numerous orders from the state Supreme Court in connection with what he had done. Upon his refusal to comply with the demand of the receiver, it filed a petition in the District Court praying for an order to require the superintendent to turn over the property of the debtors which remained in his possession and to account for what he had received but no longer held. The order was granted, and this appeal was taken by the superintendent.

Had the debtors filed their petition within four months after the appellant took possession of their property, the order made would have been correct. Gross v. Irving Trust Company, 289 U. S. 342, 53 S. Ct. 605, 77 L. Ed. 1243, 90 A. L. R. 1215. Does the fact that more than four months intervened make the order wrong? We think not. Within its sphere the jurisdiction of a court of bankruptcy is paramount. Proceedings under section 74 of the act are within this paramount jurisdiction, and by the amendment (June 7, 1934, § 2) to subdivision (m) of that section, effective June 7, 1934 (11 USCA § 202 (m), the exclusive jurisdiction of the bankruptcy court which upon the filing of the petition attached to the debtor and his property, wherever located, was expressly made to "include property of the debtor in the possession of a trustee under a trust deed or a mortgage, or a receiver, custodian or other officer of any court in a pending cause, irrespective of the date of appointment of such receiver or other officer, or the date of the institution of such proceedings: Provided, That it shall not affect any proceeding in any court in which a final decree has been entered." There can be no doubt now that no theory of custody of the res by the state court by virtue of any liquidation proceedings under the state law after the appellant took possession of the property (see Lafayette Trust Co. v. Beggs, 213 N. Y. 280, 107 N. E. 644) can successfully be put forth to invalidate the order made.

The District Court sitting in bankruptcy has ample power to administer all of the property and by summary order to require the appellant to turn it over to be administered. In re Bajardi, 9 F.(2d) 797 (C. C. A. 2); Gamble v. Daniel, 39 F.(2d) 447 (C. C. A. 8); Gross v. Irving Trust Co., supra.

Order affirmed.