## BRYAN et al. v. WELSH et al.
### No. 1136.

Circuit Court of Appeals, Tenth Circuit.
Sept. 8, 1934.

Hall F. Platt, for original petitioners.

D. H. Linebaugh and Francis Stewart, both of Muskogee, Okl., Thomas D. McKeown, of Ada, Okl., and Hall & Thompson, of Oklahoma City, Okl., for intervening shareholders who join in the original petition.

W. B. Blair, of Tulsa, Okl., and W. E. Utterback, of Durant, Okl., for intervening shareholders who oppose the original petition.

G. C. Spillers, of Tulsa, Okl., for Curtis F. Bryan, state court receiver.

Before LEWIS and BRATTON, Circuit Judges.

PER CURIAM.

This petition for appeal is presented by Curtis F. Bryan, receiver of Imperial Roy-

alties Company, a common-law trust, and a large number of beneficiaries in the trust who hold certificates representing their respective interests. Petitioners rely on section 24 (b) of the Bankruptcy Act (11 USCA § 47 (b), claiming that the bankruptcy court without right made these orders in a proceeding in bankruptcy, i. e.: (1) An order overruling the receiver's motion to dismiss the petition in bankruptcy; (2) an order overruling a motion of the original petitioners to dismiss the cause; (3) an order overruling a motion to vacate the appointment of a trustee for the Imperial Royalties Company; (4) an order appointing a trustee for said trust estate; and (5) an order directing said trustee so appointed to take possession of the property of said trust.

The petition in alleged bankruptcy was filed in the District Court by six beneficiaries in the trust holding certificates for preferred shares. They alleged the trust consisted of a large estate in oil interests and rights in gas and oil covering about 700.000 acres with 3,500 producing wells thereon located in the states of Oklahoma, Texas, Arkansas, Louisiana, Kansas, and New Mexico; that the declaration of trust authorized an issue of 7,000,000 shares preferred, par value $1 each, of which more than 5,000,000 had been issued and were outstanding, also 7,000,000 common shares no par, of which 1,811,000 were outstanding; that class A preferred and class A common certificates no par were authorized, each to the extent of 300,000 shares, and approximately 250,000 of each had been issued and were outstanding; that the district court of Tulsa county, Okl., theretofore appointed an equity receiver of the trust estate who had taken charge and was in possession; that the declaration of trust was executed and filed December 1, 1920, three trustees being named to handle the affairs of said trust with full authority on their part to manage and control the trust estate and select their successors; that all of said trustees had resigned in November, 1933, and there was now no trustee to hold and manage said estate, it being in possession of the said receivers appointed by the state district court; and that because of the resignations of the said trustees and the appointment of said receiver the petitioners ceased to be shareholders in the trust and became creditors thereof in an amount in excess of $1000, and they held no securities in payment of said indebtedness.

The petition further alleged that there had been various acts of mismanagement, waste, and depletion of the trust assets while the trustees were in charge and control; that acts of bankruptcy had been committed by the trust within four months last past by preferring one creditor over another; that certificate holders had advanced in excess of $5,000,000 to the trust in consideration for the certificates issued to them respectively; that these certificate holders were widely scattered in a number of states and were unable to ascertain each other's address so as to cooperate, and there is need for relief under section 77B of the Bankruptcy Act (amendment June 7, 1934 [11 USCA § 207]); that the bankruptcy court was invested with jurisdiction by said act to deal with the situation and perfect a reorganization of said trust for the benefit of all interested parties, and the petition sought that relief. Throughout petitioners designate themselves as creditors and all other preferred certificate holders as creditors of said trust, and said trust as their debtor.

A large number of other certificate holders were permitted by the court to intervene and join petitioners. A still larger number of other certificate holders in the trust holding more than 5 per cent. of the preferred stock or certificates and more than 5 per cent. of the common stock or certificates were permitted to intervene and oppose petitioners. The orders complained of were made by the court over their objections and over the objection of the receiver, and they and the receiver join in the petition here for an appeal. Their right to the appeal and the merits, based on the claim of a lack of any basis in the petition of the original petitioners and other certificate holders later joined with them, have each been argued.

As preliminary, there may be serious doubt whether the order designated (5) is one from which this court may grant an appeal [Clements v. Conyers (C. C. A.) 31 F.(2d) 563], and it may be further doubted whether the state court receiver is in position to take an appeal. He did not ask to be permitted to intervene and defend in behalf of the trust. He made objections and motions, some oral and some in writing, when the orders were being made, and in some he restricted his appearance to such motions; but the opposing certificate holders, having more than 5 per cent. of both common and preferred shares, stand on better ground than the original petitioners. Said section expressly gives them the right to defend. We therefore grant the appeal.

620

The objections to the original petition are: (a) That certificate holders are not creditors of the trust, and (b) that the original petition in bankruptcy did not allege that the trust "is insolvent or is unable to meet its debts as they mature"; therefore, on both grounds original petitioners and many certificate holders who intervened and joined them have not complied with said section 77B (a), 11 USCA § 207 (a). Both objections seem to us to be well taken. As to the first, it seems to be the well-settled rule that certificate holders in a common-law trust stand in their relation to the trust as stockholders in a corporation. They are not creditors of the trust. They are equitable owners of the trust property. Fletcher, Cyclopedia Corporations (Perm. Ed.) vol. 16, § 8241; Goodhue v. State Street Trust Co., 267 Mass. 28, 165 N. E. 701. It is not claimed there was any agreement that certificate holders had a contract right to be reimbursed on surrender of certificates, nor that they elected the trustees. On the contrary, it is alleged that the trustees were self-perpetuating—they were to appoint their successors.

As to the second ground of contention, it is obvious that the debtor must be brought within the Bankruptcy Act, and the indispensable requisite for that purpose is that it be an insolvent. Paragraph (a) of said section 77B requires that allegation. It is not so alleged here. That is true also in a suit in equity, not under the Bankruptcy Act, where a receiver is sought for the purpose of reorganization. Of course, if that was the procedure, possession of the trust estate could not be taken from the state court. The two suits would be on an equal footing, concurrent jurisdiction of the same controversy. First National Bank of Cincinnati et al. v. Flershem et al., 290 U. S. 504, 54 S. Ct. 298, 78 L. Ed. 465, 90 A. L. R. 391, opinion delivered January 8, 1934; Pacific Live Stock Co. v. Lewis, 241 U. S. 440, 36 S. Ct. 637, 60 L. Ed. 1084; Ingram v. Jones (C. C. A.) 47 F.(2d) 135; Boynton v. Moffat Tunnel Imp. Dist. (C. C. A.) 57 F.(2d) 772, 780.

After the District Judge made the orders of which complaint is made by appellants, he continued the whole controversy for final hearing and disposition to September 18th. We must assume that the proceeding will be dismissed at that time unless by the intervention of creditors and appropriate allegations by them the two vital defects will be cured. On failure therein application may be made for our mandate.