## In re KOCH.

### No. 111.

Circuit Court of Appeals, Second Circuit.

Dec. 2, 1940.

Rehearing Denied Dec. 17, 1940.

244

Weisman, Celler, Quinn, Allan & Spett, of New York City (Milton C. Weisman, Arthur Sheinberg, and Max L. Rothenberg, all of New York City, of counsel), for appellant.

Peaslee, Brigham & Albrecht, of New York City (Ralph G. Albrecht, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

On March 25, 1940 the appellant was appointed receiver in an action under the Martin Act, General Business Law Consol. Laws, c. 20, § 352 et seq., brought by the state of New York, by its attorney general, against Reinforced Paper Bottle Corporation, Safety Service Milk Bottle Corporation and Lydia B. Koch.* The judgment directed the receiver, after filing a bond for the faithful discharge of his duties, to take possession of and title to all property derived by the defendants, or any of them, by means of fraudulent practices committed by them in the sale of stock of Reinforced Paper Bottle Corporation, including all property with which such property had been commingled if thereby identification of such property had become impossible, and to liquidate the same "for the benefit of all persons intervening in this action and establishing an interest in such property." Before any such person had intervened or the receiver had taken possession of any property of Lydia B. Koch other than her books of account and business records, Reinforced Paper Bottle Corporation, which she controlled, filed a petition under Chapter XI of the Chandler Act in the United States district court for the district of Delaware, the state of its incorporation. Four days later, on April 20, Mrs. Koch filed a similar petition in the court below. The carrying out of Mrs. Koch's plan of arrangement is contingent on confirmation by the court in Delaware of the corporation's plan. She is a creditor of the corporation in a large amount; both plans contemplate that a part of her indebtedness shall be canceled and that she shall receive from the corporation certain certificates of indebtedness; by the terms of her own plan these are to be turned over to her unsecured creditors. It is the claim of the state court receiver that the notes of the corporation held by Mrs. Koch represent loans to the corporation of money derived by her through fraudulent sales of stock, and that the defrauded purchasers can rescind their purchases and reclaim the notes she holds.

Mrs. Koch applied to the referee to whom her arrangement petition had been referred, for an order restraining the state court receiver from taking possession of or interfering with any property owned or possessed by her. Counsel for the receiver appeared before the referee in opposition to the proposed order and orally challenged the jurisdiction of the bankruptcy court over property with respect to which the state court judgment had directed the receiver to take possession and title. Temporary restraining orders intended to keep matters in statu quo were entered by the referee on May 6th and 22nd. These orders are not before us on this appeal. A hearing on confirmation of the debtor's arrangement having been duly noticed, and it appearing that no specifications of objection thereto and no reclamation claims had been filed, and that all unsecured creditors listed in the debtor's schedules had consented to the arrangement, the referee entered an order of confirmation on July 12, 1940. His order also directed the receiver to return to the debtor any of her property within his control, and enjoined him from instituting any proceedings for the purpose of taking possession of any property owned by her or of asserting any claim against her. Upon the receiver's petition the referee's order was reviewed and confirmed by the district court. From this order the receiver has appealed.

■ The first matter for consideration is the appellee's contention that the appeal must be dismissed because the receiver is not a party to the proceedings nor a person aggrieved by the order of confirmation. It is true that he did not formally intervene nor did he file any claim either in his own behalf or in behalf of defrauded purchasers of stock sold by the debtor. We may assume, without decision, that if the order had merely confirmed the arrangement the receiver would have no standing to appeal. See Bryan v. Welsh, 10 Cir., 72 F.2d 618, 619. But the order goes much further; it places him under an injunction and commands him to turn over property. There can be no question but that he is aggrieved by an order which places direct obligations upon him. See In re Bajardi, 2 Cir., 9 F.2d 797, 798, where the state superintendent of banks was allowed to appeal from an order directing him to turn over securities deposited by the bankrupt. To the same effect is In re Faour, 2 Cir., 72 F.2d 719. The appeal cannot be dismissed.

■■ The appellant contends that the state court judgment vested in him title to the property obtained by the debtor through

---

* Another individual was also named as defendant but as to him the action was discontinued.

fraudulent practices and thereby removed it from the summary jurisdiction of the bankruptcy court, which under sec. 311 of the Bankrupcty Act, 11 U.S.C.A. § 711, administers only property of the debtor. If it were true that prior to the institution of the debtor's arrangement petition, the state court had determined that specific property in the debtor's possession belonged not to her but to a defrauded purchaser of stock, the appellant's position would be unassailable. But the premise that the state court judgment ex proprio vigore vested the receiver with title to all or any of the debtor's property will not withstand scrutiny. The Martin Act permits the attorney general to institute an omnibus proceeding against a fraudulent defendant in which his victims may intervene to claim their property or its proceeds. If no intervenor establishes his right to property of which the receiver has taken possession, it is to be returned to the defendant. The state court judgment did not purport to decide what property of the debtor had been derived by means of her fraudulent practices, nor to vest the receiver with title to all of her property. Identification of the property of which he was to take title for the benefit of defrauded persons remained to be determined by further proceedings, and the receiver would have no right to take any specific property from the debtor's possession without a judicial finding that such property was the proceeds of the debtor's fraud or resulted from so intermingling such proceeds with other property that identification of the proceeds themselves was impossible. People v. Lowther, 241 App.Div. 524, 273 N.Y.S. 669. Without identification of property no title thereto can vest in the receiver; and until the receiver or some intervening victim of the defendant's fraud makes claim in the action to some specific property in the defendant's possession, we do not think that it can be deemed a suit in rem, and as such have precedence over the bankruptcy proceedings. Cf. In re Rudnick & Co., 2 Cir., 160 F. 903; In re Braun, 7 Cir., 3 F.2d 247, actions in replevin by defrauded sellers.

The appellant relies strongly on Texas v. Donoghue, 302 U.S. 284, 58 S.Ct. 192, 82 L.Ed. 264, which recognizes the rule that where title has vested in an adverse claimant prior to the bankruptcy his title cannot be disturbed by summary proceedings in bankruptcy. But such rule is plainly inapplicable if, as we believe, no title was vested in the receiver by the state court judgment and the action was not a suit in rem because no one had made claim therein to any specific property.

■ Much of the argument has revolved about section 2, sub. a(21), of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a (21), which authorizes the bankruptcy court to direct summary turn-over orders to state court receivers. The appellee contends that this provision justifies the order, while the appellant says that it does not apply to a receivership under the Martin Act but refers only to receiverships in the nature of general insolvency administration. It is true, as this court has held, that a Martin Act receivership does not contemplate a liquidation for creditors of the bankrupt but for defrauded persons who establish their rights as owners of the property seized by the receiver. Elfast v. Lamb, 2 Cir., 111 F.2d 434. It does not necessarily follow that section 2, sub. a(21) does not include such a receivership. Cf. In re Greyling Corporation, 2 Cir., 74 F.2d 734; In re Monsen, 7 Cir., 74 F.2d 411. But this is a question which need not be decided at the present time. Regardless of this section, it is enough that the debtor brought into the bankruptcy court for her proposed arrangement property of which she had possession under claim of ownership and that no one had asserted in the state court action a right to any specific part of it. Where a bankrupt is in possession of property, the bankruptcy court has jurisdiction to adjudicate in summary proceedings the rights of adverse claimants. Board of Trade v. Johnson, 264 U.S. 1, 11, 44 S.Ct. 232, 68 L.Ed. 533; Gamble v. Daniel, 8 Cir., 39 F.2d 447, 452, 453; see also Taylor v. Sternberg, 293 U.S. 470, 55 S.Ct. 260, 79 L.Ed. 599; In re Greyling Corp., 2 Cir., 74 F.2d 734. We are satisfied, therefore, that the district court had jurisdiction to determine summarily whether the property scheduled by the debtor was hers.

■ Recognition of the paramount jurisdiction of the bankruptcy court does not deprive a defrauded purchaser from rescinding his purchase and recovering from the debtor the proceeds of her fraudulent sale. Such a purchaser could have applied to the bankruptcy court for leave to establish his rights in the Martin Act action or, in the alternative, could have filed his claim for reclamation in the bankruptcy proceedings. But no one came forward to assert his rights in either manner. Nor did the receiver make any offer to prove that any defrauded purchaser desired to rescind and

claim title to any of the debtor's property. Under these circumstances we think the district court was right, upon confirmation of the proposed arrangement, in restraining the receiver from interfering with the debtor's property.

■ The appellant further urges that the debtor's petition was not filed in good faith but merely to get rid of the state receivership. If it be assumed that the receiver, although not a creditor, may raise this contention, the answer is that the debtor has a legal right to have her property administered in bankruptcy. Since the rights of defrauded purchasers were not defeated by the transfer of jurisdiction to the bankruptcy court, bad faith cannot be predicated on any claim of injury to them.

The order appealed from is affirmed.

On Petition for Rehearing.

PER CURIAM.

■ By petition for rehearing the appellant directs our attention to findings of fact made by the state court justice who presided at the trial of the Martin Act (General Business Law N.Y., Consol.Laws, c. 20, § 352 et seq.) action to the effect that Mrs. Koch sold to the public within the state of New York stock of the Reinforced Paper Bottle Corporation by means of fraudulent practices, as a result of which she received the proceeds of such sales in the sum of approximately $1,024,-454.06; that from the money so collected she made loans to said Reinforced Paper Bottle Corporation and to the Safety Service Milk Bottle Corporation; that the approximate amount loaned by her "to the said corporation" is $656,297.92; and that between 1923 and commencement of the action "the defendant corporations" have issued to her promissory notes totaling $1,194,984.56. Hence, it is urged that the decree directing the receiver to take possession of all property derived by her by means of fraudulent practices should be construed, in the light of the findings of fact, as expressly identifying the notes of these corporations which were in her possession and listed in her petition for arrangement. Assuming this to be true, we do not think it can alter the conclusion at which we arrived. Even if the decree passed to the receiver the right to possession of the notes held by Mrs. Koch, he would have to return them to her, if no intervenor established a right to them.

When the debtor's petition was filed no victim of her fraud had come forward to assert any right to the notes; nor did any such victim appear in the bankruptcy proceedings during the intervening months that preceded confirmation of the arrangement on July 12, 1940. So far as appears she was the only cestui of the receiver's trust. We cannot see that the receiver has any right to prevent her property from being administered in bankruptcy, unless he can point to some adverse claimant for whom he is acting as trustee. Cf. In re Gant, D.C.N.C., 52 F.2d 220. If her victims prefer to take what bankruptcy will give them rather than to rescind their purchases, they have that privilege.

The petition for rehearing is denied.