THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MERCER HICKS CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, October 26, 1950.

*Menahem Stim* for receiver.

*K. Courtenay Johnston* for trustees.

HECHT, J. In a proceeding brought by the Attorney-General under the Martin Act (General Business Law, art. 23-A), a receiver was appointed for the Mercer Hicks Corporation. Under the act such receiver takes custody " of any and all property derived by the defendant or defendants or any of them by means of any such fraudulent practices, including also all property with which such property has been mingled if such property can not be identified in kind because of such commingling " (General Business Law, § 353-a).

Claimant trustees had turned over various securities to Mercer Hicks as brokers for purposes of sale. The net proceeds of the sale, $15,853.49 were deposited in Mercer's general bank account in Manufacturers Trust Company between June 16, and June 28, 1950. During the same period, Mercer deposited in the same account additional sums aggregating $53,330.02. Some of these sums represented the proceeds from the sale of securities of other customers like the Kimber Trust; others represented moneys or the proceeds of securities obtained by Mercer by means of the fraudulent practices complained of. These deposits of $69,183.51 between June 16th, and June 28th, added to the bank balance of $4,982.82 as of June 28th, produced a total of $74,166.33.

Mercer withdrew $53,772.53 out of this account between June 16th, and the date of receivership, and a creditor had attached $2,957.46, so that the balance turned over to the receiver upon his appointment on July 31, 1950, was only $17,436.34. In addition to the Kimber claim for $15,853.49, a similar claim for $2,119.39, representing the proceeds of securities sold by Mercer as broker, has been made by one Munzert.

An examination of Mercer's books by the receiver's accountants indicates the existence of similar claims of other creditors.

It is apparent that the claims of all creditors situated like Kimber will exceed the amount in receiver's hands. Moreover,

there are a number of claims aggregating at least $8,936.70, representing moneys or the proceeds of securities obtained by Mercer by means of fraudulent practices.

Claimants ask that the receiver be directed to turn over the sum of $15,853.49. They rely on *Richardson* v. *Shaw* (209 U. S. 365). In that case the broker had pledged certain securities owned by his customer. While insolvent, the broker redeemed the equivalent number of shares of each company from the pledge and returned them to his customer. The court held that this was not a preference, because the securities always remained the property of the customer. Since the securities of each company were fungible (*Caswell* v. *Putnam*, 120 N. Y. 153, 157), the return to the customer of a different certificate for the same number of shares did not affect the latter's property rights.

That case has no application to the case at bar. Here the receiver has no securities, but only a cash fund representing a commingling of the proceeds of securities received for sale from the Kimber Trust and others similarly situated, plus the proceeds of securities obtained by Mercer through fraudulent practices. Since the Kimber securities are no longer identifiable in this commingled fund, this court can not direct that they or their proceeds be returned to claimants.

The granting of this motion would result in preferring the Kimber Trust over other claimants in exactly the same position, since the fund in the receiver's hands is inadequate to discharge all claims of this nature.

" A Martin Act receivership does not contemplate a liquidation for creditors of the bankrupt but for defrauded persons who establish their rights as owners of the property seized by the receiver." (*Matter of Koch,* 116 F. 2d 243, 246, certiorari denied 313 U. S. 565.) Moreover, the respective rights of the two classes of creditors here involved can be fully determined only in a bankruptcy court (*Matter of Koch, supra,* p. 247). There is no danger here that any of the property in the receiver's hands will be turned back to the fraudulent broker (cf. *People* v. *Reinforced Paper Bottle Corp.,* 176 Misc. 464).

Motion is denied. Settle order.