Henry Clay Greenberg, J.
Plaintiff is a Martin Act (General Business Law, art. 23-A) receiver of B. G. Phillips & Company, a copartnership (hereinafter called Phillips). He has instituted this action to recover on a fidelity bond issued by the defendant to indemnify Phillips against theft by its employees.
The defendant moves for judgment dismissing the amended complaint pursuant to rules 107 (subd. 3), 112 and 113 of the Rules of Civil Practice and section 476 of the Civil Practice Act. The facts briefly are as follows: Phillips was engaged in the stock brokerage business. Daniel Foneys was one of its customers and he had a margin account with the company. In that account on June 2, 1953 there were securities of the value of $24,879.37 after the deduction of the indebtedness of Foneys to the company of $20,026.86.
The employee of Phillips without the knowledge of Foneys sold out the latter’s margin account. The proceeds of the sale were deposited in the bank account of Phillips. Two checks totalling $24,879.37 were turned over to the employee who in turn was to deliver the moneys represented by the checks to Foneys. Foneys never received this money as it was stolen by *995 the employee. The securities increased in value subsequent to the theft of the employee and the amount sued for is $34,854.37 which represents this increased value. The employee was indicted for the theft aforementioned, he pleaded guilty, and received a suspended sentence in the Court of General Sessions.
The plaintiff thereupon commenced this action against the defendant claiming that it was entitled to recover from the defendant not only the value of the checks — $24,879.37 which had been converted by the employee — but the larger amount by $10,000 which it is claimed represented the increased value of the securities. The position of the plaintiff is that he should recover that sum from the defendant on the ground that the defendant was indebted to Phillips in that amount because of the peculations of Phillips ’ employee hereinbefore referred to. The defendant urges that the plaintiff as Martin Act receiver may not recover this sum of money or any sum from the defendant against the bond which had been issued by it to Phillips because neither Phillips nor his employee was guilty of a fraudulent practice within the meaning of the Martin Act. The parties to this litigation agree that a question of law alone is presented for determination by the court.
The order which appointed the Martin Act receiver authorized him to take title to all property derived by the defendant through the fraudulent practices alleged in the complaint including all property with which such property has been commingled if such property cannot be identified in kind because of such commingling. It has been repeatedly held that a Martin Act receiver has limited rights only and not the rights and powers generally conferred upon a receiver. The receivership is limited to the “ control of that property only which is derived by a defendant [referring to the defendant in the action brought by the Attorney-General under the act] by means of those fraudulent practices defined in section 352 of the same act ”, (People v. Lowther, 241 App. Div. 524. See, also, Burns v. Maguire, 255 App. Div. 552, affd. 280 N. Y. 700.)
The question thus to be resolved is what constitutes fraudulent practices and whether the acts of the employee of Phillips in this case are proscribed. The reason behind the act is defined in People v. Federated Radio Corp. (244 N. Y. 33, 37-38): “ The primary purpose * * * is remedial * * *. It
provides (§ 352) for the investigation by the Attorney-General of the fraudulent practices therein enumerated in respect to the sale of bonds, stocks and other securities and commodities and authorizes him (§ 353) to bring suit to enjoin persons and corporations from engaging therein and (§ 353-a) to obtain *996 the appointment of a receiver to take title to all property derived by defendants by means of such fraudulent practices and liquidate the same for the benefit of persons intervening in the action and establishing, an interest in the property. * * * The purpose of the law is to prevent all kinds of fraud in connection with the sale of securities and commodities and to defeat all unsubstantial and visionary schemes in relation thereto whereby the public is fraudulently exploited. (Hall v. Geiger-Jones Co., 242 U. S. 539.) ”
The court in that case then defined “ fraud ” and “ fraudulent practice ” saying (pp. 38-39) it includes 11 all acts * * * which * * * deceive or mislead the purchasing public ’ (See, also, Goldberg v. Weihman, 269 N. Y. 537.)
Moreover, under section 353-a of the General Business Law (Martin Act) plaintiff has the authority only to take custody of the identifiable property specified therein. (See Matter of Koch, 116 F. 2d 243, 246.) It is the court’s opinion that the broad powers conferred by the order must be disregarded and that the employee’s embezzlement of defendant’s securities was not a fraudulent practice as defined by the Martin Act. Mr. Justice Hecht in this very case (sub nom. People v. Phillips (4 Misc 2d 804, 809) said:
‘1 It is well settled that ‘ a Martin Act receivership does not contemplate a liquidation for creditors of the bankrupt but for defrauded persons who establish their rights as owners of the property seized by the receiver ’ (Matter of Koch, 116 F. 2d 243, 246, cert, denied sub nom. Hirson v. Koch, 313 U. S. 565.)
1 ‘ The receiver is not given powers of a trustee in bankruptcy nor power over all the property of or in the hands of the defendants. His powers are strictly limited to such property as was either derived from fraudulent purposes or property which has been so commingled with property derived from fraudulent purposes that it cannot be identified in kind.” •
While the employee’s conversion of the funds of Foneys constituted larceny and in a sense a fraud upon Foneys, neither the employee nor Phillips itself was guilty of the fraudulent practice condemned and made illegal by the Martin Act. There was nothing that the employee did which constituted the exercise of fraud in the sale of this stock to Foneys or that resulted in misleading Foneys in the purchase of the stock. In other words, the employee did nothing which resulted in the swindling of Foneys through the sale of “ fictitious, valueless and overvalued securities and commodities.”
Finally, the complaint does not allege identifiable property in the defendant’s or the obligee’s possession, one of the other *997 requirements to a sufficient cause of action under the Martin Act.
It is the court’s judgment that Foneys was not a victimized customer under the Martin Act and therefore the Martin Act receiver has no cause of action against the defendant bonding company. Accordingly, the motion to dismiss the complaint is in all respects granted.