### In re MONSEN et al.

### MELLIN et al. v. MONSEN et al.
### No. 5345.

Circuit Court of Appeals, Seventh Circuit.
Dec. 8, 1934.

Rehearing Denied Jan. 28, 1935.

Frank A. McCarthy, John E. Toomey, James C. O'Brien, Jr., and Bernhard Stenge, all of Chicago, Ill., for appellants.

Walter E. Wiles, George E. Q. Johnson, Luther D. Swanstrom, and Samuel G. Clawson, all of Chicago, Ill., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVANS, Circuit Judge.

This appeal is from an order directing one Murnighan, a receiver appointed by the Circuit Court of Cook County, to turn over

and surrender to the jurisdiction of the Federal court, the real estate belonging to said debtors and to pay over to the clerk of said court, all moneys in said receiver's possession.

The Facts. A stipulation of the parties and the findings of the court disclose the following undisputed facts:

Appellees owned certain realty in Evanston which they conveyed to Mellin, trustee, on August 24, 1927, to secure a $125,000 bond issue. On August 30, 1932, the trustee served notice on the tenants that he was taking possession of the property and that they should thereafter pay rent to him. The trustee also filed a bill to foreclose on October 10, 1932, and that same month Murnighan was appointed receiver of the property by the Circuit Court of Cook County and he has since collected the rents. On October 10, 1933, the debtors, appellees, filed a petition in the District Court seeking a composition and extension of their debts and included this realty in their schedules. The District Court held the petition to have been properly filed under section 74 of the Bankruptcy Act (11 USCA § 202) and referred the matter to a referee.

Two attempts were unsuccessfully made in the state court by appellees to have an order entered against the state receiver to turn over the real and personal property in his possession. Congress amended, on June 7, 1934, section 74 (m)[1] of the Bankruptcy Act (11 USCA § 202(m), and provided for the subjection of the debtor's property in the possession of a trustee or receiver to the exclusive jurisdiction of the Federal District Court.

The debtors then sought, of the referee in bankruptcy, an order against the receiv-er. It was denied. The District Court, however, reversed the referee's ruling and entered the order appealed from.[2]

■ Appellants' principal contention is that the amendment of June 7, 1934, to section 74 (m) of the Bankruptcy Act (above set forth) does not apply to cases pending on the date of its passage, and, therefore, the receiver's right to retain the property, he having been in possession thereof for more than two years, was, under the decision of this court in Re Hillmert, 71 F.(2d) 411, secure. The original decision in that case was rendered before the aforementioned amendment was enacted.

Our conclusion is that after the amendment of June 7th, 1934, the right of the trustee appointed by the court of bankruptcy to the possession of property held by a receiver appointed in an equity suit, by state or Federal court is clear. The history of the legislation clearly shows that it was the intention of Congress to make the act apply to pending litigation. Its provisions negative the idea that it was to apply only to future cases. Finally, the decisions recognize that such legislation, which is remedial in character, operates retroactively. 25 R. C. L., Statutes, § 38. Miller-Brent Lumber Co. v. State, 210 Ala. 30, 97 So. 97; Bogigian v. Long, Commissioner of Corporations & Taxation, 248 Mass. 545, 143 N. E. 671; Cahill v. Wissner, 183 App. Div. 659, 170 N. Y. S. 1000; Waddill v. Masten, 172 N. C. 582, 90 S. E. 694; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 110 A. 731; Christiano v. Christiano, 204 App. Div. 47, 197 N. Y. S. 72.

■■ Appellants also contend that the Federal court was without power to dispose of

---

[1] "The filing of a debtor's petition or answer seeking relief under this section shall subject the debtor and his property, wherever located, to the exclusive jurisdiction of the court in which the order approving the petition or answer as provided in subdivision (a) is filed, and this shall include property of the debtor in the possession of a trustee under a trust deed or a mortgage, or a receiver, custodian or other officer of any court in a pending cause, irrespective of the date of appointment of such receiver or other officer, or the date of the institution of such proceedings: Provided, That it shall not affect any proceeding in any court in which a final decree has been entered. * * *"

[2] "It Is Further Ordered, * * * that the said * * * Murnighan as receiv-er of the said Circuit Court of Cook County * * * be and he is hereby ordered and directed to turn over and surrender forthwith to the jurisdiction of this court the aforesaid real property and to pay over to the Clerk of this court all monies now in his hands derived from the said property and to make accounting to the said Clerk of this court for all monies in his hands on the 11th day of October, A. D. 1933, derived from the said property and for all monies by him received as rents, profits or avails from the said property at any time subsequent to the said date and to file with the Clerk of the said court a report of his acts and doings in the premises within five days from the date hereof."

appellants' asserted right to possession in a summary proceeding. The contrary view was held in Gross v. Irving Trust Co., 289 U. S. 342, 53 S. Ct. 605, 77 L. Ed. 1243, 90 A. L. R. 1215. They also contend that, after the commencement of the foreclosure suit, title to the property was in them. The decisions of the Illinois court, which are binding upon us, hold otherwise. Williams v. Williams, 270 Ill. 552, 110 N. E. 876; Sutherland v. Long, 273 Ill. 309, 112 N. E. 660; Barrett v. Hinckley, 124 Ill. 32, 14 N. E. 863, 7 Am. St. Rep. 331.

We also reject appellants' contention that it was error for the court to enter an order directing the turning over of the property until after the proposal for extension and composition was heard and confirmed by the court. It is true, the court in its discretion might have declined to enter the order until it had heard and confirmed the debtors' proposal. However, it was not under obligation so to do. It acquired jurisdiction and could exercise it in the manner complained of, if satisfied of the wisdom of such course. In substantiation of the discretion exercised by the court it should be added that the proposed plan for composition and extension had been accepted by a majority in number and amount of the creditors.

We are likewise convinced that the same rule which governs the turning over of the real estate applies to the rents and profits of the real estate which had been collected by the state court receiver.

The decree is

Affirmed.