## In re MORTGAGE SECURITIES CORPORATION.

## UNION TRUST CO. OF MARYLAND v. COMPTON et al.

### No. 283.

Circuit Court of Appeals, Second Circuit.

Feb. 11, 1935.

Wickes & Neilson, of New York City (Robert H. Neilson and Nathan F. George,

both of New York City, of counsel), for Manhattan Bank.

Niles, Barton, Morrow & Yost, of Baltimore, Md., and Kaye, Scholer, Fierman & Hays, of New York City (Carlyle Barton and George S. Yost, both of Baltimore, Md., and Jacob Scholer, of New York City, of counsel), for Union Trust Co.

Hays, Wolf, Kaufman & Schwabacher, of New York City, and Emory, Beeuwkes, Skeen & Oppenheimer, of Baltimore, Md. (Ralph Wolf and Edwin D. Hays, both of New York City, and Reuben Oppenheimer, of Baltimore, Md., of counsel), for Compton and others.

Campbell, Harding, Goodwin & Danforth, of New York City (William L. Glenn, Ralph M. Ketcham, and Edward N. Goodwin, all of New York City, of counsel), for Bondholders' Protective Committee.

Before L. HAND, SWAN, and CHASE, Circuit Judges:

PER CURIAM.

The facts in this case are the same as in Re Central Funding Corporation (C. C. A.) 75 F.(2d) 256, except that long before the proceeding was started the debtor had here conveyed away its interest in the mortgaged property. By these conveyances it had stripped itself of all its property except for a somewhat dubious residue in some bank accounts, amounting at most to a few thousand dollars. We have held that a substantial equity is not necessary to justify the proceeding. We see no reason to stick at a phantom equity whose value is a mere visionary possibility. The debtor is itself made up of its shareholders, considered as a class, and, just as they are bound together by the corporate form, so are the secured creditors by their common trust. Indeed, the shareholders, the unsecured creditors, and the secured, are each a separate order in one hierarchy; each has its proper unity; the section is intended as a remedy to allow all or some of these classes to establish a concourse which will avoid that dismemberment of their interests which other remedies occasion. Thus it can make no difference that the group of shareholders has been definitely eliminated, either by a legal transaction as here, or by such a collapse in value that there is no reasonable expectation of revival.

Order affirmed.