## In re MORTGAGE SECURITY CORPORATION OF AMERICA.

District Court, S. D. New York.

April 10, 1935.

Campbell, Harding, Goodwin & Danforth, of New York City (Edward N. Goodwin and Ralph M. Ketcham, both of New York City, of counsel), for bondholders' protective committee.

Wickes & Neilson, of New York City (Robt. H. Neilson and Nathan F. George, both of New York City, of counsel), for president and directors of Manhattan Co.

Hays, Wolf, Kaufman & Schwabacher, of New York City (Edwin D. Hays, of New York City, of counsel), for George B. Compton, as trustee of the debtor.

Edward F. Keenan, of New York City, and Charles E. Walsh, of Baltimore, Md. (Charles E. Walsh, of Baltimore, Md., of counsel), for Consolidated Mortg. Corporation.

Edward F. Keenan, of New York City, for Superintendent of Insurance of State of New York.

Kaye, Scholer, Fierman & Hays, of New York City, and Niles, Barton, Morrow & Yost, of Baltimore, Md., for Union Trust Co. of Maryland.

COXE, District Judge.

These are applications for the allowance of expenses and compensation of committee members and attorneys in connection with the separate reorganization of the First Lien 5½ per cent. bonds, series A–N. Y. and Series B–N. Y. of the debtor corporation, and the following amounts are requested:

Protective Committee:
(1) Expenses .................................. $14,220.00
(2) Compensation of 4 Committee members 25,000.00
Campbell, Harding, Goodwin, & Danforth, of New York City, attorneys for Protective Committee:
Compensation .......................... 50,000.00
Wickes & Neilson, of New York City, Attorneys for Mortgage Trustee:
(1) Compensation ...................... 10,000.00
(2) Disbursements ..................... 159.21
——————
Total ..................... $99,379.21

The aggregate principal amount of bonds of the two series outstanding is $3,384,500, and it is stated that the mortgages forming the corpus of the estate have been appraised in 1934 at $2,943,-901.27; but whether anything even approaching that figure will be realized on liquidation is entirely problematical. The cash available at this time for all purposes is $152,167.81; and, in addition, there are other sums, which, it is thought, will shortly be collected, amounting to $45,-676.38. The activities of the protective committee and its attorneys cover not only the period from May 2, 1933, until the section 77B, Bankr.Act (11 U.S.C.A. § 207) proceeding was started in the summer of 1934, but the succeeding period during the continuance of the section 77B proceedings and until about March 1, 1935, when the new company commenced to function.

■ The services of the four committee members were largely routine, and consisted principally· in obtaining deposits of bonds, promulgation of the plan of reorganization, attendance at hearings and meetings, and conferences with persons interested; and I think that allowances of $2,000 to the chairman of the committee, and $1,500 to each of the three other members, are justified under the circumstances.

■ The attorneys for the committee performed considerable services during the period antedating the section 77B proceedings; they also had charge of the reorganization and the setting up of the new company; and they participated in the argument in the Circuit Court of Appeals (75 F.(2d) 261) when the decree confirming the plan of reorganization was affirmed. The total time consumed by the attorneys is stated to be 764¾ hours; and ·for these services I think an allowance of $20,000 is reasonable.

There are a number of items in the committee's schedule of expenditures, which are plainly unsupportable, and an amount of $750 will be allowed to cover all rent, routine stenographic and secretarial services, and office accommodation. This results in throwing out of the schedule of expenditures the two items of $1,207.57 and $3,150, and substituting in their place a lump sum of $750. The item of $6,061.62 for the services and disbursements of the depositary is allowed. The total expense bill is allowed at $10,712.50.

■ The corporate trustee has already been allowed $39,000 under the terms of the decree, and Messrs. Wickes & Neilson, attorneys for the trustee, received $10,000 on July 1, 1934, prior to the section 77B proceedings, on account of services rendered to the Trustee. They appealed to the Circuit Court of Appeals from the decree of confirmation and lost; and I know of no good reason why they should be paid for those services. I am accordingly allowing them $6,000, with disbursements of $146.96.

The following is a summary of the amounts allowed:

Protective Committee:
(1) Expenses ............................... $10,712.50
(2) Compensation ..................... 6,500.00
Campbell, Harding, Goodwin & Danforth: 20,000.00
Wickes & Neilson, attorneys for Corporate Trustee:
(1) Compensation ..................... 6,000.00
(2) Disbursements .................. 146.96
——————
Total ..................... $43,359.46