In re PRUDENCE CO., Inc.

Applications of MANUFACTURERS TRUST CO. et al.

Nos. 27496, 27028.

District Court, E. D. New York.

July 30, 1935.

See, also, 10 F. Supp. 41; 10 F. Supp. 33.

Miller, Boston & Owen, of New York City, for debtor.

Kaufman, Weitzner & Celler, of New York City, and Thomas Cradock Hughes, of Brooklyn, N. Y. (Emil Weitzner, of New York City, of counsel), for trustees of debtor.

Newman & Bisco, of New York City (F. J. Gillis, of New York City, of counsel), for Manufacturers Trust Co.

Carter, Ledyard & Milburn, of New York City (J. M. Richardson Lyeth and John P. Allee, both of New York City, of counsel), for president and directors of Manhattan Co.

Sullivan & Cromwell, of New York City, for Marine Midland Trust Co. of New York.

Delafield, Thorne & Marsh, of New York City (George H. Porter, of New York City, of counsel), for City Bank Farmers Trust Co.

Larkin, Rathbone & Perry, of New York City, for Central Hanover Bank & Trust Co.

Milbank, Tweed, Hope & Webb, of New York City (H. M. Cole, of New York City, of counsel), for Chase Nat. Bank of City of New York.

Cullen & Dykman, of Brooklyn, N. Y. (Ralph W. Crolly, of Brooklyn, N. Y., of counsel), for Brooklyn Trust Co.

Cotton, Franklin, Wright & Gordon, of New York City (P. W. Williams, of

New York City, of counsel), for Chemical Bank & Trust Co.

Archibald Palmer, of New York City, for intervening creditors.

Edward Endelman, of New York City, for petitioning creditors.

Jacob A. Freedman, of Brooklyn, N. Y., for intervening creditors.

MOSCOWITZ, District Judge.

The opinion in the above matter dated July 1, 1935, is hereby modified to read as follows:

The president and directors of the Manhattan Company, as corporate trustee under two certain trust agreements dated April 1, 1925, and March 1, 1927, entered into between Prudence-Bonds Corporation and said trustee securing the Fifth and Ninth series of bonds of Prudence-Bonds Corporation, which were guaranteed as to payment of principal and interest by the debtor, have applied to this court for an order modifying the restraining order issued by this court on February 1, 1935, so as to exclude from the jurisdiction of this court the trust agreements above referred to and the holders of the bonds issued and outstanding thereunder, and the moneys, properties, records, deeds, bonds, mortgages, documents of title, assignment of rents, and all other properties of every kind and description real, personal, or mixed, constituting the trust funds or the security for any thereof, covered by the trust agreements.

In pursuance of an agreement between the debtor and the Prudence-Bonds Corporation a series of eighteen issues of collateral trust bonds was created. As to each series, securities acquired in the first instance by the debtor were transferred to Prudence-Bonds Corporation and immediately thereafter to the corporate trustee under the trust indenture. In exchange therefor bonds were issued by Prudence-Bonds Corporation, authenticated by the corporate trustee, and delivered to Prudence-Bonds Corporation, which in turn delivered them to the debtor. The debtor then sold the bonds to the public guaranteeing them as to both principal and interest. The debtor retained the privilege of servicing the securities underlying the trust indenture and received the differential between the interest collected and the interest guaranteed, usually one-half of 1 per centum of the principal amount of the underlying securities creating a substantial income for the debtor and strengthening its guarantee to bondholders, certificate holders, and holders of guaranteed mortgages.

When the interest and principal became due upon the bond issue and the same was not paid by the Prudence-Bonds Corporation or the debtor, the corporate trustees declared the entire principal of the issue to be due. Some of the corporate trustees gave notice to the debtor and the Prudence-Bonds Corporation that the right to service the underlying mortgages was terminated. They demanded that the debtor relinquish the mortgage instruments, assignments of rents, and other documents held in connection with the servicing and pay over to the corporate trustee the income collected subsequent to the nonperformance of the guarantee. The corporate trustees of the sixth and eighteenth issue made no demand until after the appointment and qualification of the debtor's trustees. The Fifth, Ninth, and Sixteenth series demand was made before the superintendent of banks assumed control of the debtor.

Neither the debtor nor the superintendent of banks complied with these demands, both taking the position that having been prevented by federal and state regulations, beginning with the Banking Holiday in March, 1933, from using the debtor's own funds, it was not in default.

Suit was brought in the Supreme Court of the state of New York by the Manhattan Company as trustee of the Fifth series bonds to compel payment to it of moneys collected by the debtor on the underlying securities after the first date on which interest had not been fully paid on the bonds. By a stipulation entered into by the parties thereto, Prudence-Bonds Corporation being joined, it was agreed that the decision should control with respect to the Ninth series bond issue, for which the Manhattan Company was also trustee.

The New York Court of Appeals on January 24, 1935, held that as against the corporate trustee nonpayment of the bonds constituted a default, which without demand by the corporate trustee terminated the rights of the Prudence-Bonds Corporation and the debtor to service the

collateral and to retain the interest differential. President and Directors of the Manhattan Company, etc., v. Prudence-Bonds Corporation et al., 266 N. Y. 202, 194 N. E. 408.

Before entry of judgment in the New York Supreme Court, the debtor's petition for reorganization was approved on February 1, 1935, which, among other things, restrained the continuance of any suits against the debtor. The Manhattan Company applied to this court, as indicated, for a modification of the order of February 1, 1935, to permit the entry of judgment upon the order of the Court of Appeals and compliance by the debtor's trustees therewith. It further seeks that the order of February 1, 1935, be modified to restrain the debtor (or its trustees) from continuing to service the securities underlying the Fifth and Ninth series bonds, and also to exclude such securities and the respective trust agreements from the jurisdiction of this court.

On February 16, 1935, this court granted to the debtor's trustees an order authorizing them to pay to the respective bondholders of the eighteen issues "any income, interest and/or principal" in their possession or which might thereafter be received by them from the bonds and mortgages and other assets constituting the collateral security for the bond issues after deducting "such servicing or other fees as they may be entitled to receive or retain." In cases where assignments of rent were held by the debtor's trustees upon property subject to a mortgage constituting part of the underlying security of a bond issue, the debtor's trustees were authorized to apply the money received under the assignment towards the payment of taxes or other necessary expenses in connection with the property or to the payment of the interest on the bonds.

The corporate trustees of the Fifth and Ninth series made an application to vacate the order of February 16, 1935, in so far as it affected the securities underlying the Fifth and Ninth series. Both of these applications came on for a hearing, together with the application of six other corporate trustees asking substantially the same modifications with respect to twelve of the bond issues, viz., series AA and the Third, Fourth, Sixth, Seventh, Eighth, Twelfth, Thirteenth, Fourteenth, Sixteenth, Seventeenth, and Eighteenth series. The applications will be decided together, since the pertinent provisions of the trust agreements of all, so far as material here, are substantially similar.

The corporate trustees of the bonds are as follows: The Brooklyn Trust Company (Eighth series bonds), The Chase National Bank of the city of New York (Fourteenth series bonds), City Bank Farmers Trust Company (series AA, Third, Fourth, Seventh, and Seventeenth series bonds), Manufacturers Trust Company (Twelfth and Thirteenth series bonds), the Marine Midland Trust Company of New York (Sixteenth series bonds), and Central Hanover Bank & Trust Company (Sixth and Eighteenth series bonds), respectively, under similar trust agreements have applied for the same relief.

Neither the Prudence-Bonds Corporation nor its trustees have declared any default by the debtor in the performance of its obligation as guarantor of the bonds, and they acquiesced in and offered no objection to the continued servicing by the debtor of the securities underlying the bond issues. The records of this court in the Prudence-Bonds Corporation proceedings show that the continuance of servicing by the debtor is specifically sanctioned by orders entered in the Prudence-Bonds Corporation reorganization.

Upon application by the trustees of the Prudence-Bonds Corporation on February 8, 1935, Judge Inch entered an order which restrained the corporate trustees, except upon permission by the court, from foreclosing any of the mortgages underlying the bond issues, except further that no restraint was imposed as to certain specified distributions by the Manhattan Company from distributing any of the proceeds of the mortgages which they might have had in their hands. There was no objection by the trustees of Prudence-Bonds Corporation to the continued servicing by the Prudence Company, Inc., or the distribution by it of interest to bondholders, inasmuch as such distributions were being made out of the collections of income of the mortgages.

The corporate trustees appealed from the order of February 8, 1935, on the ground that there was no jurisdiction in the reorganization of Prudence-Bonds Corporation over the mortgages securing the bond issues, and therefore the cor-

porate trustees were entitled, under the terms of the trust indenture, to foreclose in their discretion and to distribute the proceeds on hand or thereafter collected.

The Circuit Court of Appeals held that as against the corporate trustees and bondholders, the mortgages were the property of the Prudence-Bonds Corporation, and that both the mortgages and the proceeds were therefore within the exclusive jurisdiction of this court. Matter of Prudence-Bonds Corporation, President and Directors of the Manhattan Company, as Trustee, et al., 77 F.(2d) 328, 330, May 6, 1935.

The relationship created by the bond issue and the legal incidents ·of that relation were stated by Judge Manton in the Prudence-Bonds Corporation decision, in the following words:

"The mortgages, in the physical possession of the appellants, as trustees, constituted collateral owned by the debtor subject to the lien of the indentures, and are held as security for the payment of the bonds issued under the indentures. These indentures are, in effect, mortgages or pledges of the debtor's property (In re Prudence Bonds Corp. [Bertha Radin v. Chemical Bank & Trust Co.] (C. C. A.) 75 F.(2d) 262), and the cash held by the appellants represents receipts derived from collateral thus pledged by the debtor under the indentures and stands on the same basis as the mortgages. The cash is held for the bondholders, because the trust indentures so provided, but until it is paid over, it is subject to the lien of the indentures, and, in all forms of property so subject, the debtor as pledgor has an equity. While the property is thus held, and a reorganization is proposed or pending, the collateral is in custodia legis, with full power in the court, in its administration of the estate of the debtor pending reorganization, to control and direct the administration of this collateral."

Moreover, as Judge Manton pointed out:

"The order complained of in no way embarrasses the trustees in the performance of their duties. The court below has provided that application may be made to it to administer the moneys received as equity and justice may demand. To permit the untrammeled right of the appellants to foreclose underlying mortgages might well destroy equities in pledged property, and embarrass the reorganization of the collateral thus held. It might destroy all chances of reorganization. If in a proper case the District Court should decline to make payments to certificate holders, there is power of review, and errors made may be corrected."

■ Under the decision of the Circuit Court of Appeals, it is clear that this court in its exclusive jurisdiction over the property of the Prudence-Bonds Corporation had jurisdiction to restrain the corporate trustees from interfering with the continued servicing by the Prudence Company, Inc.

It is not necessary at this time to decide whether the mortgages and other securities are the property of either the Prudence Company, Inc., or the Prudence-Bonds Corporation for the motions must be denied in either instance.

If the mortgages are the property of the Prudence-Bonds Corporation, the court in that proceeding has jurisdiction to authorize the trustees of the Prudence Company, Inc., to do such servicing and restrain interference with the conduct of such business. See Matter of Prudence-Bonds Corporation, supra.

■ Even if the mortgages in controversy are not the property of the Prudence Company, Inc., the court may restrain the corporate trustees from taking over the servicing if such acts were prejudicial to its reorganization. The absence of property of the debtor in the underlying securities would not prevent reorganization of the guarantee obligations of the Prudence Company, Inc., to the bondholders. In re Mortgage Securities Corp. (Union Trust Co. v. Compton), 75 F.(2d) 261 (C. C. A. 2). In that case the court held that the prior transfer by the corporate mortgagor of the bond issue of its residuary interest in the mortgaged property would not affect the jurisdiction of the court reorganizing the mortgagor corporation's obligations to the bondholders.

If it be assumed that the Prudence Company, Inc., is the owner of the mortgages, then this court, having exclusive jurisdiction over the mortgages, has the power to restrain the corporate trustees from taking the servicing away from the Prudence Company, Inc., if such action were inconsistent with reorganization of

the Prudence Company, Inc. Matter of Prudence-Bonds Corporation (President and Directors of Manhattan Company, as Trustee, et al.), supra. It is plain that to deprive the Prudence Company, Inc., of servicing pending its reorganization would interfere with reorganization.

The court has power to restrain the corporate trustees even though a plan of reorganization has not been proposed. See In re Prudence-Bonds Corporation (Radin v. Chemical Bank & Trust Co. et al.), 75 F.(2d) 262 (C. C. A. 2); Continental Illinois Nat. Bank & T. Co. v. Chicago, Rock Island & Pacific Ry. Co., 294 U. S. 648, 55 S. Ct. 595, 79 L. Ed. 1110 (April 1, 1935). In the recent decision of the Circuit Court of Appeals, in Matter of Prudence-Bonds Corporation (President and Directors of Manhattan Company), supra, restraint was held proper even though of the fourteen bond issues affected by the orders appealed from, a plan of reorganization had been proposed only as to one.

It is not claimed, nor is it the fact that the delay of the debtor in filing a plan for reorganization has been unreasonable. No showing is made that any of the bondholders are opposed to the inclusion of the bond issues in any plan of reorganization of the debtor, and upon that question the corporate trustees are without voice. In re Allied Owners' Corp. (C. C. A.) 74 F.(2d) 201, 97 A. L. R. 360; In re Rittenhouse Plaza Apartment Corporation (D. C. E. D. Pa.) 9 F. Supp. 625 (February 6, 1935), C. C. H. Bankruptcy Service Par. 3376, holding that the corporate trustee, uncooperative in the reorganization of the debtor mortgagor, should be required to turn over to the debtor's trustee the bond and mortgage securing a bond issue made by the debtor. See, also, In re Granada Hotel Corporation (D. C. E. D. Ill.) 9 F. Supp. 909 (February 26, 1935), C. C. H. Bankruptcy Service Par. 3416, where the corporate trustee which had secured the appointment of a receiver of rents in foreclosure proceedings, and thereafter had displaced the receiver by an order of the state court, was required to surrender possession to the trustee of the mortgagor debtor. To a like effect is In re Monsen, 74 F.(2d) 411 (C. C. A. 7), where the receiver of the rents of the trusteed property, appointed in a foreclosure proceeding, brought by the corporate trustee, was required in composition proceedings commenced by the obligor of the bonds nearly a year later under section 74 of the Bankruptcy Act, as amended by Act June 7, 1934, § 2 (11 USCA § 202), to surrender possession of the trusteed property and to turn over the rents previously collected.

The instant case presents a much stronger case for exercise of jurisdiction than In re Rittenhouse Plaza Apartment Corporation, In re Granada Hotel Corporation, and In re Monsen, supra. In those cases, transfer of management of the collateral security necessitated a change of actual management. Here, under the restraining order, the management is continued and avoided is the division of this function between seven different corporate trustees in the case of fourteen issues alone, the corporate trustees of four bond issues not having applied for modification of the orders of February 1st and February 16th.

The corporate trustees do not allege that the management by the debtor's trustees of the collateral security until such a time as a plan of reorganization can be effected or shown not feasible will prejudice the rights of the bondholders in any sense other than is necessarily the case where the trust res or security for any debt is kept together so as to make reorganization possible. The trust agreements entitle the corporate trustees to reimbursements for expenses incurred by them in managing the collateral, and also reasonable compensation for such services. The purpose of this provision was to insure proper management of the collateral and not to create vested rights to profit in the corporate trustees, and the court does not understand that they oppose the continuance of the orders of February 1st and February 16th on the latter ground. The corporate trustees do not claim that the trust funds have not been administered by the debtor corporation for the best interests of the bondholders, or that such will not continue to be the case.

If the corporate trustees are permitted to take over the management of the properties and the collection of rents from the Prudence Company, Inc., it may destroy any opportunity for its reorganization and thus prevent the benefits pro-

vided for under section 77B of the Bankruptcy Act (11 USCA § 207). Certainly the debtor and its creditors are entitled to a reasonable opportunity to propose a plan of reorganization. In these circumstances, therefore, I see no reason to believe that the orders of February 1st and 16th are not justified in the jurisdiction and discretion of this court.

In the case of the Fifth and Ninth series bond issues, which in this respect appear to be exceptional, the corporate trustee, the Manhattan Company, has since, prior to the filing by the debtor of its petition for reorganization, managed part of the underlying securities. Although not entirely clear from the application of this corporate trustee, it is probable that there are on hand funds resulting from such management. The application, however, seems to make no point that the order of February 1st prevents it either from continuing to manage such collateral or from distributing the proceeds, but asks only that the collateral and the proceeds, as well as the securities now managed by the debtor's trustees, be excluded entirely from the terms of the orders of February 1st and February 16th. Denial of such application is, of course, without prejudice to the right of the corporate trustee to seek, upon a showing of facts justifying such action in the discretion of the court, modification of the order of February 1st so as to permit, on proper conditions, the continued management by the corporate trustee of the securities now being managed by it and the distribution of the proceeds which it has on hand from that source.

A word should be added concerning the provision of the order of February 16th, authorizing the debtor's trustees in distributing income to pay to the respective bondholders of the eighteen issues "any income, interest and/or principal" in their possession; or which might thereafter be received by them from the bonds and mortgages and other assets constituting the collateral security for the bond issue, after deducting "such servicing or other fees as they may be entitled to receive or retain." That order will be construed to require that out of the moneys to be distributed by the trustees pursuant thereto, a reserve shall be set aside (subject to disposition in accordance with the further order of the court) to allow for compensation to the debtor and its trustees for management of the securities.

Motions denied. Settle orders on notice.