## STANDARD ACC. INS. CO. v. E. T. SHEF-TALL & CO. et al.
### No. 6375.

Circuit Court of Appeals, Fifth Circuit.

Oct. 28, 1931.

Max F. Goldstein, of Atlanta, Ga., for appellant.

J. Kurt Holland and Herbert J. Haas, both of Atlanta, Ga., for appellees.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

At the instance of the appellees, and over the resistance of the appellant, the Wallace Construction Company was adjudged an involuntary bankrupt on the sole ground that within four months before the filing of the petition, and while the construction company was insolvent, it had permitted and consented to a receivership in a state court, and the receiver had taken charge of its property. This appeal followed.

The undisputed facts are these: Union Realty Company, a creditor having a judgment obtained May 22, 1930, and over four months old, which was a general lien against all property of the Wallace Construction Company, filed, on September 29, 1930, in a state court, a bill against the construction company, the appellant, Standard Accident Insurance Company, and others, in which, professing to act in behalf of itself and all other creditors of the construction company, and alleging its insolvency, it prayed for the appointment of a receiver to take charge of the assets of the construction company and make disbursement thereof under order of the court, and for general relief. On October 11, 1930, upon consent of all parties, a receiver was appointed to take charge of "all the assets of Wallace Construction Company wherever situated," and the receiver took possession of what property he could. On November 5, 1930, another creditor intervened, having a judgment less than four months old. On November 10, 1930, the petition in involuntary bankruptcy was filed, and defended by Standard Accident Insurance Company as a creditor. Several other creditors having judgments and other liens intervened in the receivership pending the bankruptcy hearing, and on July 27, 1931, an amendment of the receivership bill was allowed, which sought to restrict it to creditors having liens, and proposed to return any excess of assets to the Wallace Construction Company. On July 31, 1931, the order of adjudication was entered.

The restrictive amendment of the bill in the state court after the appointment of the receiver and the filing of the petition in bankruptcy cannot alter the effect of the receivership as an act of bankruptcy. But the appellant contends that from the beginning the bill was not a general insolvency bill, but an effort to marshal property subject to its specific judgment and to other liens, and, its

judgment being more than four months old, the lien would be unaffected by the bankruptcy; and the jurisdiction of the state court would not be suspended thereby. Straton v. New, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060; Russell v. Edmondson, 50 F.(2d) 175, and Carling v. Seymour Lumber Co., 113 F. 483, from this court, are cited. These cases relate to the effect of a bankruptcy upon the proceedings in the state court, and not to the propriety of an adjudication. With the effect upon the state court we have at present no concern. The sole question is whether the receivership constitutes an act of bankruptcy. Prior to the amending act of May 27, 1926, the pertinent provision of the Bankruptcy Act, 11 U. S. C. § 21 (11 USCA § 21), read: "Acts of bankruptcy by a person shall consist of his having ` * * being insolvent, applied for a receiver or trustee for his property or because of insolvency a receiver or trustee has been put in charge of his property." (32 Stat. 797.) It now reads: " * * * While insolvent, a receiver or a trustee has been appointed, or put in charge of his property." Under these simple words neither the ground on which the receiver was appointed nor the debtor's consent thereto is material. If a person is insolvent in the meaning of the Bankruptcy Act, and by his consent or otherwise a receiver is appointed for or put in charge of his property by any court save a court of bankruptcy, he is subject to be adjudged a bankrupt. In view of the general purposes of the Bankruptcy Act, we understand a general receivership to be referred to, and not one for specially described property, as in a mortgage foreclosure or an effort to enforce some other lien against specific property. The complainant in the bill under discussion did not seek to sequester in equity described property only, but sought for and obtained a general receivership for all the property of the construction company wherever situated, thus withdrawing it from the claims of all common creditors except by intervention in the receivership. We have no doubt that this is such a receivership as was contemplated by the above-quoted words of the statute. The fact that the judgment lien extends to all the property, and will not be invalidated by a bankruptcy, does not prevent an adjudication. It is argued that a bankruptcy can avail nothing because under the decisions cited the state court cannot be deprived of the assets if the bill be one filed to enforce a lien not invalidated by the bankruptcy. We repeat that we have no occasion now to determine which court shall possess the property after bankruptcy. But, assuming that the state court is not to be disturbed in its prior possession, the general creditors still may exercise the right to organize and elect their trustee, and have him to uncover further assets, if possible, and to represent them in or against the state court receivership. They may also annul preferences and judgments less than four months old, and litigate contests between themselves in the bankruptcy jurisdiction. Involuntary bankruptcy often seems futile when the bankrupt has no visible assets, but this has never been supposed to be an obstacle to an adjudication.

The judgment is affirmed.