Louis F. Schultze, as Receiver of S. W. Straus & Co., Incorporated, a New York Corporation, Respondent, *v.* Manufacturers Trust Company, Appellant.

Second Department, October 29, 1934.

*Leonard G. Bisco* [*Samuel Chugerman* with him on the brief], for the appellant.

*Abraham J. Halprin* [*Nathaniel L. Goldstein* with him on the brief], for the respondent.

Per Curiam. It is our opinion that while the plaintiff is a Martin Act receiver and the judgment which was entered by consent was too broad in decreeing that the respondent was appointed receiver of the corporation instead of his receivership being limited to property contemplated by the Martin Act ▮ (*People* v. *Smith Co.*, 230 App. Div. 268, 274), nevertheless the appellant may not attack that judgment in this action which seeks to recover

personal property that passed into the hands of the receiver by the terms of the judgment. (*Platt* v. *N. Y. & Sea Beach R. Co.*, 170 N. Y. 451, and *Attorney-General* v. *Continental Life Ins. Co.*, 28 Hun, 360, 362; affd., 93 N. Y. 630.) (See, also, *Crouse* v. *McVickar*, 207 N. Y. 213, 217.) Limiting the plaintiff's title to that of a receiver under the Martin Act, the fact that the judgment purports to be broader in its scope does not impeach the jurisdiction of the court over the subject-matter, which jurisdiction, undoubtedly, the court possessed. As we read the appellant's brief, this view is conceded. If the defendant's title to the securities sought is paramount to that of the receiver, such as by way of lien or possession as collateral for a loan, this is a matter of defense to be raised by answer. As to the further motion to strike out or compel separate statement, our view is that as plaintiff claims by the tenth paragraph of the complaint that the assets in question were obtained by fraud and in violation of statute, and in the twelfth paragraph that they were derived by the defendant without consideration, there should be a separate statement and numbering of these two apparently independent claims.

The order should be modified by requiring the plaintiff separately to state and number, as causes of action, the tenth and twelfth paragraphs of his complaint, and as so modified affirmed, without costs.

KAPPER, HAGARTY, CARSWELL, TOMPKINS and DAVIS, JJ., concur.

Order denying defendant's motion to dismiss the complaint upon the ground that it fails to state a cause of action and that plaintiff has not legal capacity to sue and to strike out certain paragraphs of the complaint, or, in the alternative, to require plaintiff separately to state and number the causes of action, modified by requiring plaintiff separately to state and number, as causes of action, the tenth and twelfth paragraphs of the complaint, and as so modified affirmed, without costs.