### In re 2168 BROADWAY CORPORATION.

District Court, S. D. New York.
May 8, 1935.

Harper & Matthews, of New York City (Mark M. Horblit, of Boston, Mass., and Harold Harper, of New York City, of counsel), for appellant.

Daniel A. Shirk and Milton A. Goldiner, both of New York City (Edwin R. Wolff and Daniel A. Shirk, both of New York City, of counsel), for appellees.

KNOX, District Judge.

A receivership that is merely incidental to the foreclosure of a mortgage upon real estate of a corporate debtor that is unable to meet its debts as they mature is not of the quality of the "equity receivership," which, under the provisions of subdivision (a) of section 77B of the Bankruptcy Act (11 USCA § 207 (a), and in the absence of an act of bankruptcy, will confer upon creditors of such debtor a right to subject it and its property to the jurisdiction of this court. See Matter of Laclede Gas Light Company, United States District

Court, Eastern District of Missouri, June 26, 1934;[1] Standard Accident Insurance Company v. E. T. Sheftall & Company (C. C. A.) 53 F.(2d) 40; and Schmidtman v. Atlantic Phosphate & Oil Corporation (C. C. A.) 230 F. 769, 771.

In my opinion, the "equity receivership" contemplated by section 77B is of much wider scope than that which frequently accompanies foreclosure proceedings; for example, a general receivership, or one such as characterized the so-called "conservation suits" with which all of us are familiar. These suits usually resulted in the reorganization of a corporate debtor, or the pro rata distribution of its assets among its creditors. I am aware, of course, that the United States District Court for the Eastern District of Illinois in the Matter of Flamingo Hotel Company, decided August 9, 1934,[1] and in the case of In re Surf Building Corporation, 11 F. Supp. 295, decided October 13, 1934, entertains a contrary view. But I cannot agree therewith. Adjudications dealing with section 3a, subd. 5, of the Bankruptcy Act, 11 USCA § 21 (a) (5), and which long antedate the enactment of section 77B, hold that an appointment of a receiver or trustee of the property of an alleged bankrupt, in order to constitute an act of bankruptcy, relates to such an appointment in the course of a general receivership, and not to one for specifically described property, and which occurs in the progress of the ordinary foreclosure action. I see no occasion to infer that Congress, in enacting section 77B of the act (11 USCA § 207) intended that a foreclosure receivership of a specific piece of real estate, even though it may constitute the debtor's only asset, should be comprehended by the words "equity receivership" as they are used in the statute under consideration. Had the national Legislature wished to include foreclosure receiverships within the descriptive words it saw fit to employ, I think the language would have been more explicit. In construing the words "equity receivership" as employed in section 77B, it is necessary to take note of the fact that apparently they are used in apposition to the phrase "a prior proceeding in bankruptcy," which proceeding, of course, looks forward to the ratable distribution of a bankrupt's assets among its creditors. Such is not the necessary or usual objective of a foreclosure receivership. Its pri-

mary purpose is to protect a mortgagee whilst he completes the formalities of the foreclosure of his lien. The mortgagor's unsecured creditors cannot participate, either in the mortgaged security, or in its avails, until the lienholder is fully satisfied. Equity receiverships, on the other hand, as customarily administered in the federal courts, took on many of the habiliments of bankruptcy proceedings. Often they were a substitute, if not a subterfuge, for bankruptcies, and, in one form or another, finally wound up the affairs of the defendant corporation. Hence, I conclude that the foreclosure receivership on which petitioners rely is not sufficient to enable the alleged debtor to be subjected to the provisions of section 77B of the Bankruptcy Act, and the petition to that end will be dismissed.

With respect to petitioners' argument that the answer herein supplies any deficiency that may exist in the petition, it is necessary only to say that the attorney filing the answer has indicated his wish to withdraw the same, and further that it, too, is under attack by an alleged officer and director of the debtor. Under these circumstances, I think too much reliance should not be placed thereon.