## In re 2168 BROADWAY CORPORATION.
### No. 494.

Circuit Court of Appeals, Second Circuit.
July 15, 1935.

Harper & Matthews, of New York City (Mark M. Horblit, of Boston, Mass., and Harold Harper, of New York City, of counsel), for appellant.

Daniel A. Shirk and Milton A. Goldiner, both of New York City (Edwin R. Wolff and Daniel A. Shirk, both of New York City, of counsel), for appellees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

It is provided by section 77B (a), Bankr. Act, 11 USCA § 207 (a), that three or more creditors, who have provable claims against a corporation aggregating $1,000 or more in excess of the value of securities, may file "a petition stating that such corporation is insolvent or unable to meet its debts as they mature and, if a prior proceeding in bankruptcy or equity receivership is not pending, that it has committed an act of bankruptcy within four months," and that such creditors propose that it shall effect a reorganization. Subdivision (i), § 77B of the act, 11 USCA § 207 (i), further provides: "If a receiver or trustee of all or any part of the property of a corporation has been appointed by a Federal, State, or Territorial court * * * a petition or answer may be filed under this section at any time thereafter by the corporation, or its creditors as provided in subdivision (a) of this section." The appellants are three creditors of 2168 Broadway Corporation, a New York corporation which holds the title to premises known as 2166–2168 Broadway. They filed a petition for the reorganization of their debtor, alleging that receivers had been appointed in an action commenced in the state court to foreclose a mortgage upon the debtor's property and that such receivers were in possession of its only property and administering the income therefrom for the benefit of the plaintiff in said action. Upon motion of other creditors of the debtor corporation the District Court dismissed the petition on the ground that a mortgage foreclosure suit, in which receivers have been appointed, is not an "equity receivership" within the meaning of section 77B. The correctness of this construction is the sole question presented.

Because the statute is of so recent enactment there has been as yet but little expression of judicial opinion on this important question. In three cases arising in the Eastern District of Illinois, Judge Lindley has held a mortgage foreclosure suit in which receivers were appointed to be an "equity receivership" for the purposes of section 77B. In re Flamingo Hotel Co. (August 9, 1934, not reported [1]); In re Surf Building Corp. (Oct. 17, 1934) 11 F. Supp. 295; In re Granada Hotel Corp. (D. C.) 9 F. Supp. 909. The case last cited has been affirmed by the circuit court of appeals for the seventh circuit in a short per curiam opinion, handed down June 5, 1935, 78 F.(2d) 409. Opposed to these decisions is the opinion of Judge Knox in the case at bar, a decision by Judge Hulbert in In re Draco Realty Corp. (D. C. S. D. N. Y., June 3, 1935), and a dictum by Judge Faris in In re Laclede Gas Light Co. (D. C. S. D. Mo., June 26, 1934, not

reported [1]). See, also, 48 Harv. L. Rev. 39, 54, note 57.

■ The appellants argue that the words "equity receivership" are too clear to admit of construction and that custody of the property of a corporation by a receiver appointed in the exercise of chancery powers in any suit in equity must necessarily satisfy the requirements of the statute. It cannot be gainsaid that an action to foreclose a mortgage is a suit in equity, or that the receiver appointed in such a suit to conserve the mortgaged property and collect the rents pending foreclosure may properly be called a receiver in equity. See Carmody's N. Y. Practice (2d Ed.) vol. 8, § 1023; Gordon v. Washington, 295 U. S. 30, 55 S. Ct. 584, 79 L. Ed. —— (April 1, 1935). Nevertheless, it by no means follows that that is the type of suit Congress had in mind when it used the words in question. It would be strange indeed to call such a suit an "equity receivership"; so far as we are aware, a foreclosure action is never so referred to. The kind of suit to which those words are usually applied in common parlance is one commenced by a simple contract creditor praying for the conservation of the assets of a corporation insolvent in the common-law sense, in which the corporation confesses the allegations of the bill and consents to the appointment of a receiver. The end sought by such a suit is the liquidation of the assets and their equitable distribution among creditors (Gordon v. Washington, supra), although in rare instances successful administration in receivership may restore to the corporation the ability to meet its debts in due course and the right to repossess its assets. The hope of saving the business is the impelling motive for such an equity receivership, as is indicated by the name "conservation suit," by which it is sometimes called. In our opinion it was a receivership of this general type, initiated by suit by a general creditor or a stockholder of the corporation, which Congress had in mind. Compare Bryan v. Welch, 74 F.(2d) 964 (C. C. A. 10). We do not think it was intended that the appointment of a receiver in foreclosure who takes possession of a specific piece of property for the sole benefit of the lienholder should serve as the basis for involuntary reorganization proceedings.

■ It is urged that this kind of equity receivership originated in the eastern part of the country and has not been used generally throughout the nation, except as to railroad corporations; that to construe the words as we have indicated is to ascribe to them a colloquial meaning contrary to well-recognized canons of statutory construction. But the debates in Congress during the progress of the bill, although not affording any conclusive evidence of the meaning of the words in question, indicate that the legislators were thoroughly familiar with this type of receivership. See 78 Cong. Rec. 7890, 7905–7907. Moreover, the words are used in apposition to "a prior proceeding in bankruptcy." If either a proceeding in bankruptcy or an equity receivership is pending, it is unnecessary to allege that the corporation has committed an act of bankruptcy within four months. The appointment of a receiver in foreclosure proceedings is not an act of bankruptcy. See Standard Accident Ins. Co. v. E. T. Sheftall & Co., 53 F.(2d) 40, 41 (C. C. A. 4). The canon of ejusdem generis is applicable. Bankruptcy looks to a liquidation of assets and an equitable distribution among creditors. So also does an equity receivership in a "conservation suit." When Congress enacted section 77B, a distressingly large number of corporations had already been, or were in danger of being, placed in bankruptcy or equity receivership of the type described. It was seen that immediate liquidation of the assets would result in economic waste and unnecessary loss to creditors and stockholders. The purpose of the legislation was to supersede proceedings looking to liquidation by proceedings looking to reorganization if there was an honest prospect that a plan fair to all interests could be devised to save the business. The benefits of the plan could be sought voluntarily by the debtor corporation, or they could be obtained upon an involuntary petition filed by creditors under the conditions specified. Reading the language in the setting in which it is used and in the light of the purpose of the legislation, we cannot think that Congress intended to give three creditors having claims totaling as little as $1,000, the right to force a corporation into a reorganization, if a receiver were appointed in the foreclosure of a mortgage covering any of its property. Situations may well be imagined in which a corporation might allow a mortgage on part of its land or on a chattel to be foreclosed, with the appointment of a receiver pending foreclosure,

---

[1] Oral and not for publication.

680

without being in any need of a reorganization. We do not believe that it was the purpose of Congress to permit every foreclosure proceeding in which a receiver might be appointed to be superseded by an involuntary reorganization. In the case at bar the mortgage covered all the debtor's property, but the logic of the appellants' position, as they concede, compels them to argue for the same result however small a portion of the debtor's property may be involved in foreclosure. Subdivision (i), it is true, refers to the appointment of a receiver for all or any part of the property of a corporation. This, we think, contemplates a situation where the corporation may have property outside the jurisdiction of the appointing court, in which case only part of its property could be in equity receivership without ancillary proceedings. In our opinion the District Court correctly construed the statute.

Accordingly the order is affirmed.