## In re ALLEN et al.

## In re BROADWAY–BARCLAY CORPORATION.

### No. 482.

Circuit Court of Appeals, Second Circuit.

July 15, 1935.

Glass & Lynch, of New York City (Joseph Glass and Leslie Kirsch, both of New York City, of counsel), for appellant.

Brown & Falkinburg, of New York City (James F. Donnelly and Samuel Michelman, both of New York City, of counsel), for appellees.

Samuel L. Chess, of New York City, for minority group of bondholders.

Miller, Boston & Owen, of New York City (J. F. Gillis, of New York City, of counsel), for independent bondholders' committee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

Broadway-Barclay Corporation, hereafter called the debtor, is the owner of a large office and bank building located in New York City. This property is subject to a mortgage securing $6,383,500 of bonds upon which the debtor became in default. In October, 1932, the trustee under the mortgage took possession of the building by agreement with the debtor and has ever since collected the rents thereof pursuant to said agreement. In March, 1934, the trustee began a foreclosure action in the state court. On January 3, 1935, three creditors of the debtor, each owning one of the debtor's $1,000 mortgage bonds, filed an involuntary petition for reorganization of the debtor under section 77B, Bankr. Act (11 USCA § 207). They alleged no act of bankruptcy, but rely upon the pendency of the foreclosure action, although no receiver has ever been appointed in said action and the mortgage trustee is in pos-

session under the aforementioned agreement and without a court order. Without opinion the District Court entered the orders appealed from.

 This appeal raises a question similar to that decided in Re 2168 Broadway Corporation, 78 F.(2d) 678, handed down herewith, in which we have held that the appointment of a receiver in an action to foreclose a mortgage on the debtor's only property is not an "equity receivership" for purposes of section 77B. That decision necessarily controls this. We may add, however, that even had a different conclusion been reached in that case, the orders in the case at bar would have to be reversed. We think it entirely clear that section 77B contemplates by a prior equity receivership a suit in which a receiver has already been appointed and not merely the commencement of a suit in which a receiver may be appointed. The well-reasoned opinion of Judge Faris in Re Laclede Gas Light Co. (E. D. Mo.) June 26, 1934, not officially reported [1], is in point. See, also, In re Associated Gas & Electric Co. (D. C. N. D. N. Y.) Oct. 26, 1934, not officially reported [1]).

The orders are reversed, with directions to dismiss the petition.