JOSEPH V. BURNS, as Permanent Receiver of CAMPAGNOLI & Co., INC., and CAMPAGNOLI & Co., INC., Respondents, v. WILLIAM G. MAGUIRE, Appellant.

First Department, December 23, 1938.

*Kenneth M. Spence* of counsel [*James H. Halpin* with him on the brief; *Spence, Windels, Walser, Hotchkiss & Angell*, attorneys], for the appellant.

*Eugene B. McAuliffe* of counsel [*David Saperstein* with him on the brief; *Eugene B. McAuliffe*, attorney], for the respondents.

DORE, J. In an action brought by the Attorney-General under article 23-A of the General Business Law (the Martin Act), a judgment was entered on January 27, 1938, under the terms of which a permanent receiver of Campagnoli & Co., Inc., was appointed pursuant to section 353-a of that law and the receiver directed to take title to all the assets " derived by means of fraudulent acts, practices or transactions in the sale of securities, pursuant to the provisions of article 23-A of the General Business Law, including all property with which such property and assets have been commingled if such property cannot be identified in kind because of such commingling." This language followed the exact provisions of section 353-a, providing for the appointment of a receiver under the Martin Act. By the terms of the judgment the receiver was also empowered to collect all debts, demands and property belonging to the defendants in that action " and to maintain any action or proceeding for any of said purposes." By an order dated February 1, 1938, plaintiff Burns was substituted as receiver under the judgment. Campagnoli & Co., Inc., expressly consented to entry of the judgment.

On September 1, 1938, an order was entered modifying the judgment by adding a clause authorizing and empowering the receiver to bring an action against the defendant herein, William G. Maguire, " upon or by reason of any claim or cause of action against him which may now be vested in Campagnoli & Co., Inc., or said receiver," including causes of action for services rendered, and authorizing the receiver to employ special counsel for such purpose. The entry of this order was also consented to in writing by Campagnoli & Co., Inc. But the provisions of the judgment limiting the receiver to taking title to assets derived by means of fraudulent acts remained unchanged. After the entry of that order the present action was instituted, in which Burns, as such permanent receiver, and Campagnoli & Co., Inc., both sue as parties plaintiff, seeking judgment in the alternative, viz., in favor of plaintiff Burns as receiver or in favor of Campagnoli & Co., Inc.

The complaint herein states three causes of action, the first for breach of a contract to pay for the reasonable value of services rendered by the corporation to the defendant; the second, in *quantum meruit* for such services; and the third for breach of contract to pay for losses sustained in the operation of a joint account. There is no allegation that the causes of action sued upon were obtained through the fraudulent practices of Campagnoli & Co., Inc., in the sale of securities or were commingled with property so obtained.

Defendant moved at Special Term for an order dismissing the complaint as to Joseph V. Burns on the ground that Burns, as receiver, had not legal capacity to sue and that the complaint does not state facts sufficient to constitute a cause of action. The Special Term denied the motion on the ground that Campagnoli & Co., Inc., had consented to the receivership and was joined as party plaintiff; that the defendant could not attack the order amending the judgment collaterally, and that section 353-a should be accorded a liberal construction. Defendant appeals.

Plaintiffs rely on *Schultze* v. *Manufacturers Trust Co.* (242 App. Div. 262 [Second Dept. 1934]). In that case the plaintiff had been appointed receiver in a proceeding instituted under the Martin Act, in which a judgment had been entered, with the consent of the corporation there in question, appointing plaintiff receiver of the corporation, instead of limiting his receivership to the property contemplated by the Martin Act. The Second Department held that, while the judgment entered by consent was too broad, nevertheless the defendant could not attack such judgment in an action seeking to recover personal property that passed into the hands of the receiver by the terms of the judgment, since the court had jurisdiction over the subject-matter. The *Schultze* case is clearly distinguishable from the case at bar. There, though the action was commenced under the Martin Act, the consent order appointed that plaintiff receiver of the corporation, instead of limiting the receivership to property contemplated by the statute. There is no reference whatsoever to the Martin Act contained in the judgment appointing the receiver in that case. The receivership there was a general receivership and not the limited receivership contemplated by the Martin Act.

Appellant relies on *Goldberg* v. *Weihman* (243 App. Div. 734 [Second Dept.]; affd., 269 N. Y. 537). In that case, decided subsequently to the *Schultze* case, Martin Act receivers of the Equitable Merchants Association, Inc., sued the directors for an accounting and damages alleged to have been sustained through waste and mismanagement. The Second Department dismissed

the complaint on the ground that the acts complained of did not affect the property or assets of the corporation derived by means of the fraudulent practices denounced by article 23-A of the General Business Law, and that, therefore, the receivers had not the legal capacity to sue. The Court of Appeals affirmed without opinion.

We consider the ruling in the *Goldberg* case requires a reversal of the order appealed from herein. In that case, as in this, the judgment was entered on the consent of the corporation. Its provisions are identical with the judgment appointing this plaintiff receiver of Campagnoli & Co., Inc. In neither case did the judgment purport to make the receiver a general receiver under article 11 of the General Corporation Law. By the terms of the judgment the receivership was expressly limited, as hereinabove indicated, to assets derived through fraudulent practices in the sale of securities under the provisions of article 23-A. As in the *Goldberg* case, there is here no allegation that the causes of action relate to such fraudulent practices. Such allegations are necessary on the receiver's part to state a cause of action in his behalf as receiver or to establish his capacity to sue as receiver under the Martin Act.

That there is in this case an additional consent order specifically authorizing the suit against the named defendant makes no difference in principle. The *Goldberg* case is clearly a controlling authority upon the case at bar.

We are not here concerned with the sufficiency of the complaint on behalf of the corporation joined as a coplaintiff or its capacity to sue. The order appealed from is directed only to the receiver as plaintiff, and does not in any way affect the rights of Campagnoli & Co., Inc.

The order denying defendant's motion to dismiss as to the receiver should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.