JOHN HUGHES, Also Known as JOHN C. HUGHES, Respondent, v. SAMUEL K. ELLENBOGEN, as Receiver of HAROLD RUSSELL RYDER, Appellant.— Order of December 17, 1938, granting plaintiff's motion to strike out the second and third separate defenses, reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Section 353-a of the General Business

Law contemplates that as to property derived by a defendant by means of fraudulent practices, and reduced to possession of a receiver, the claimants thereto shall be entitled to proportionate distribution. The scope of the receivership, however, is limited to such property, as distinguished from general assets. (*Goldberg* v. *Weihman*, 243 App. Div. 734.) Whether or not the sums of money in question were actually possessed by the defendant in a manner to require a holding that they were derived by means of fraudulent practices, as contemplated by the statute, is a question of fact to be determined upon the trial. The mere fact that leave to sue the receiver was granted does not preclude the receiver from asserting that plaintiff's remedy is limited to a proportionate share in the distribution of the assets, as permission did not purport to prejudge that or any other issue. Appeal from the order of February 7, 1939, denying defendant's motion for modification of the order of December 17, 1938, by striking therefrom all reference to the second defense, dismissed. Hagarty, Carswell, Adel, Taylor and Close, JJ., concur.