## ELFAST v. LAMB et al.
### No. 291.

Circuit Court of Appeals, Second Circuit.
April 29, 1940.

Clarence C. Meleney, of New York City (John A. Anderson and Theodore E. Wolcott, both of New York City, of counsel), for Henry C. Elfast, appellant.

David W. Kahn, of New York City (David W. Kahn and Nathan Siegel, both of New York City, of counsel), for petitioning creditors, appellees.

John J. Bennett, Jr., Atty. Gen. of New York (Ambrose V. McCall and Harry Greenwald, Asst. Attys. Gen., of counsel), amicus curiae.

John A. Anderson, of New York City, for Timothy J. Healy, receiver appointed under the Martin Act, as amicus curiae.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This proceeding was commenced by the filing of an involuntary petition in bankruptcy in the United States District Court on the 1st day of July, 1939, by the petitioning creditor Lou Lamb. Thereafter, pursuant to orders made on July 31, and August 1, 1939, respectively, other creditors, to wit: 140 East 28th Street Corporation and Starrkin Corporation, intervened and joined in the pending bankruptcy petition of Lou Lamb. Issues raised by the petitions and the answer of the alleged bankrupt Henry C. Elfast were referred to a special master who filed a report recommending that the petition be sustained and that Elfast be adjudicated an involuntary bankrupt. This report was confirmed by the District Court and on December 13, 1939, an order of adjudication was entered. From the order confirming the report and the order of adjudication the bankrupt has appealed.

■ The involuntary petition of Lou Lamb alleged as an act of bankruptcy: "That while insolvent, and on or about June 6, 1939, Timothy J. Healy was appointed Receiver and put in charge of the property of the alleged bankrupt by the Supreme Court of New York County." The bankrupt interposed an answer denying that the appointment of the receiver constituted an act of bankruptcy, inasmuch as the receiver was appointed pursuant to the provisions of Article 23-A, § 352 et seq., of the General Business Law of the State of New York, Consol.Laws, c. 20 (known as the Martin Act) in an action instituted by the Attorney General of the State of New York against Elfast and one Lindhall, individually and as co-partners. The complaint in that action alleged that the defendants had been engaged in the business of selling securities to the public in the State of New York, within the meaning of Article 23-A of the General Business Law and in violation of said Article; that they had solicited accounts for customers in which they exercised discretionary powers to buy and sell securities and while acting in a fiduciary capacity had received customers' securities and used them, or the proceeds thereof, for their individual financial obligations.

The judgment in the action brought under the Martin Act was entered on the consent of the defendants. It enjoined them from issuing, offering for sale, selling, promoting, negotiating, advertising and distributing any securities where there was not a transfer of the title. It appointed Healy "receiver * * * pursuant to Section 353-a of the General Business Law" and directed him to "take possession and title of the property and assets of every kind and nature of the * · * * defendants, derived by means of fraudulent acts, practices or transactions in the sale of securities, * * * including all property with which such property and assets have been commingled if such property can not be identified in kind because of such commingling * * * and to hold and administer such property according to law, and liquidate same or any part thereof for the benefit of all persons intervening in this action and establishing an interest in such property."

It empowered him to "collect and receive all debts, demands, accounts, assets and property of said defendants and to maintain an action or proceeding for any of said purposes, and generally to possess and exercise the usual powers and duties of receivers according to the laws of this State, including the power to continue the business of said defendants until final liquidation thereof."

Both the Special Master and the Judge in confirming his report held that the appointment of the receiver constituted an act of bankruptcy and Elfast was adjudicated a bankrupt accordingly. We hold that the appointment of a receiver under the Martin Act is not an act of bankruptcy and that the orders of the court below must, therefore, be reversed.

Section 3, sub. a (5) of the Bankruptcy Act, 11 U.S.C.A. § 21, sub. a (5), defining acts of bankruptcy, subjects to adjudication as a bankrupt one who "while insolvent or unable to pay his debts as they mature, procured, permitted, or suffered voluntarily or involuntarily the appointment of a receiver or trustee to take charge of his property."

■ The type of receivership contemplated as an act of bankruptcy is one that involves a liquidation of all the property of the bankrupt within the jurisdiction and in substance amounts to a general assignment of the bankrupt's assets. Indeed until the passage of the Chandler Act on June 22, 1938, subdivision (4) of Section 3, sub. a, which made the appointment of a receiver an act of bankruptcy, coupled that provision with the one making "a general assignment for the benefit of his creditors" an act of bankruptcy. While by the amendment of 1938 these two acts of bankruptcy originally appearing together in subdivision (4) were separately stated in subdivisions (4) and (5), this rearrangement of clauses would seem to be without significance.

■ That to constitute an act of bankruptcy a receivership must be a general one has been the rule laid down in numerous decisions.

■ ■ A receivership in foreclosure does not constitute an act of bankruptcy. Central Fibre Products Co. v. Hardin, 5 Cir., 82 F.2d 692, certiorari denied 299 U.S. 547, 57 S.Ct. 10, 81 L.Ed. 402; Standard Accident Ins. Co. v. E. T. Sheftall & Co., 5 Cir., 53 F.2d 40, 41. Cf. In re 2168 Broadway Corporation, 2 Cir., 78 F.2d 678, affirmed sub nomine Duparquet v. Evans, 297 U.S. 216, 56 S.Ct. 412, 80 L. Ed. 591.

■ The question remains whether the receiver in the case at bar is a socalled general receiver or not. In our opinion he is not. This conclusion results from the language of Sections 353 and 353-a of Article 23-A of the New York General Business Law (the Martin Act) which, so far as pertinent, is as follows:

"§ 353. Action by Attorney-General. Whenever the attorney-general shall believe from evidence satisfactory to him that any person, partnership, corporation, company, trust or association has engaged in, is engaged or is about to engage in any of the practices or transactions heretofore referred to as and declared to be fraudulent practices, he may bring an action in the name and on behalf of the people of the state of New York against such person, partnership, corporation, company, trust or association, and any other person or persons theretofore concerned in or in any way participating in or about to participate in such fraudulent practices, to enjoin such person, partnership, corporation, company, trust or association and such other person or persons from continuing such fraudulent practices or engaging therein or doing any act or acts in furtherance thereof or, if the attorney-general should believe from such evidence that such person, partnership, corporation, company, trust or association actually has or is engaged in any such fraudulent practice, he may include in such action an application to enjoin permanently such person, partnership, corporation, company, trust or association, and such other person or persons as may have been or may be concerned with or in any way participating in such fraudulent practice, from selling or offering for sale to the public within this state, as principal, broker or agent, or otherwise, any securities issued or to be issued. In said action an order or a judgment may be entered awarding the relief applied for or so much thereof as the court may deem proper. * * *"

"§ 353-a. Receivers. In any action brought by the attorney-general as provided in this article, the court at any state of the proceedings may appoint a receiver of any and all property derived by the defendant or defendants or any of them

by means of any such fraudulent practices, including also all property with which such property has been mingled if such property can not be identified in kind because of such commingling, together with any or all books of account and papers relating to the same. The judgment entered in such action may provide that such receiver shall take title to any or all such property and books of account and papers relating to the same and liquidate such property or any part thereof for the benefit of all persons intervening in the said action and establishing an interest in such property. The judgment may also provide that all such property, the title to or interest in which has not been established in such action by intervenors or otherwise by due process to be in a person or persons other than defendant or defendants, shall be returned to the defendant or defendants as their interest may appear. * *· * In any action brought by the attorney-general as provided in this article the court may grant such other and further relief as may be proper."

It is to be seen from the foregoing that a receivership under the Martin Act only extends to "property derived by the defendant or defendants or any of them by means of * * * fraudulent practices, including also all property with which such property has been mingled if such property can not be identified in kind because of such commingling * * *". The judgment entered may provide that the receiver: "shall take title to * * * and liquidate such property or any part thereof for the benefit of all persons intervening in the said action and establishing an interest in such property." It may also provide that all property the title to which has not been established in the action by intervenors or otherwise to be in persons other than the defendants "shall be returned to the defendants as their interest may appear". Such a receivership is of a limited and not a general character. This follows not only from the words of the statute but also from the decisions of the New York Courts.

In Burns v. Maguire, 255 App.Div. 552, 553, 8 N.Y.S.2d 313, 314, an action had been brought by the Attorney General under the Martin Act and a judgment obtained whereby a permanent receiver was appointed to take title to all the assets "derived by means of fraudulent acts, practices or transactions in the sale of securities pursuant to the provisions of Article 23-A of the General Business Law including all property with which such property and assets have been commingled if such property cannot be identified in kind because of such commingling." By the terms of the order appointing the receiver he was empowered to collect all debts and demands belonging to the defendants in the suit under the Martin Act "and to maintain any action or proceeding for any of said purposes." The receiver sued to collect a claim against the defendant Maguire but did not allege that the cause of action arose from any fraudulent practice. The Appellate Division directed the dismissal of the action because the receiver was not a "general receiver". The decision of the Appellate Division was affirmed by the Court of Appeals (280 N.Y. 700, 21 N.E.2d 203) on the authority of Goldberg v. Weihman, 243 App. Div. 734, 277 N.Y.S. 659, affirmed 269 N. Y. 537, 199 N.E. 524, which was to the same effect. See, also, Hughes v. Ellenbogen, 256 App.Div. 1103, 11 N.Y.S.2d 561; People v. Lowther, 241 App.Div. 524, 273 N.Y.S. 669; and People v. F. H. Smith Co., 230 App.Div. 268, 243 N.Y.S. 446. It is argued that in Schultze v. Manufacturers Trust Co., 242 App.Div. 262, 274 N.Y.S. 764, the court reached a contrary result but that decision was distinguished by the Appellate Division in Burns v. Maguire, 255 App.Div. at page 554, 8 N.Y.S.2d 313, on the ground that the judgment entered by consent in the suit under the Martin Act had appointed Schultze receiver of the corporation sued instead of limiting the scope of the receivership to any property derived from fraudulent practices. In the case at bar, however, the judgment was plainly limited to property acquired by fraudulent practices and property intermingled therewith.

■ It is also contended that the only property of the alleged bankrupt, which the receiver found, was the proceeds of a Stock Exchange seat which was not acquired by fraud. This fact, however, was not established at the hearing. Indeed, the only evidence relating to the proceeds of the seat, if it be regarded as competent, is an affidavit of an accountant stating that the seat was partially paid for out of moneys acquired by fraud. Even were the proceeds assets to which the Martin

Act receiver was not normally entitled, his taking them over would not turn a limited receivership under the Martin Act into one that was general, in the absence of a showing that all of the property, in the possession of the alleged bankrupt was being administered by the receiver, as in the Schultze case, and that some of it consisted of property not acquired by fraud. In re 2168 Broadway Corporation, 2 Cir., 78 F.2d 678.

It is also argued that the order of adjudication ought to be sustained because the proof in the record shows that acts of bankruptcy in the way of preferential payments were committed sufficient to justify an adjudication. This contention cannot be supported; first, because Judge Hulbert struck out the amendment to the petition in bankruptcy setting forth the additional acts of bankruptcy and no appeal from his order was taken; next, because there is nothing in the record showing an intent to prefer, and finally because the alleged preferential payments were all made more than four months before the amendment to the petition occurred. In re Fuller, 2 Cir., 15 F.2d 294, 295.

Orders reversed and proceeding remanded with direction to dismiss the bankruptcy proceeding.