## In re CLEMENT-ROWE PRESS, Inc.

### No. 78327.

District Court, S. D. New York.
Dec. 15, 1941.

William Stephen Brown, of New York City, for trustee.

Milton Kleitman, of New York City, for mortgagee.

William C. Chanler, Corp. Counsel, of New York City (Sol Charles Levine and Bernard H. Sherris, both of New York City, of counsel), for City of New York.

GODDARD, District Judge.

The petitioner, the holder of a chattel mortgage on the machinery and office equipment of the bankrupt, seeks a review of an order of a referee in bankruptcy determining that the mortgage is void as to the trustee in bankruptcy for failure in timely refiling pursuant to the requirements of Section 235 of the Lien Law of New York.

The chattel mortgage in question was filed on June 27, 1939, and was not refiled until July 9, 1940. On July 6, 1939, the City of New York levied on the bankrupt's property upon warrants for non-payment of taxes; on January 23, 1940, a receiver in supplementary proceedings was appointed in the state court. The receiver in supplementary proceedings took possession of the bankrupt's property but upon learning of the existence of the chattel mortgage and the levy by the City of New York took no further action respecting the property or the chattel mortgage. On July 9, 1940, the owner of the chattel mortgage refiled the mortgage. Thereafter, and on February 5, 1941, the receiver in supplementary proceedings was discharged. On March 21, 1941, a voluntary petition in bankruptcy was filed.

The trustee in bankruptcy made an application before the referee which in part sought an adjudication that the mortgage was void as to the trustee because the mortgage had not been refiled within one year of the original filing as required by Section 235 of the New York Lien Law, Consol.Laws, New York, Chap. 33. The referee decided that the mortgage was void as to the trustee and entered an order to that effect.

By consent of all concerned the property covered by the chattel mortgage was sold and the proceeds amounting to $700 are being held subject to the rights of the parties.

The petitioner contends that the existence of the receivership in supplementary proceedings on June 27, 1940, dispensed, as a matter of law, with the necessity of refiling the mortgage. Petitioner relies upon the decision in Lockhart v. Garden City Bank & Trust Co., 2 Cir., 116 F.2d 658, 662. It is true that in the Lockhart case it was held that a refiling of the mortgage was not necessary to preserve the lien of the trustee in bankruptcy. But the lien of the mortgagee was valid at the time of the filing of the Chapter XI, 11 U.S.C.A. § 701 et seq., petition and possession by the trustee. And, as said by the court, under the express provisions of the Bankruptcy Act itself, the rights of all parties became fixed at that time and the refiling by the trustee "could have no more than a ceremonial effect". Generally speaking, the duties of a trustee consist of determination of those existing rights, liquidation and distribution of the assets.

A trustee in bankruptcy represents all creditors and acquires title to all property belonging to the bankrupt with some minor exceptions, and he liquidates the property for the benefit of all creditors who file claims, while a receiver in supplementary proceedings represents only the particular judgment creditor who has him appointed and such other creditors, if any, who obtain an extension of the receivership. After his or their claims are satisfied, any property remaining reverts to the mortgagor. A receivership in supplementary proceedings is more analogous to a receivership in a foreclosure action. The fact that such receivership in some instances may include all of the debtor's property is a mere chance which does not change the limited character of the receivership. Cf. Duparquet Huot & Moneuse Co. v. Evans, 297 U.S. 216, 56 S.Ct. 412, 80 L.Ed. 591; Elfast v. Lamb, 2 Cir., 111 F.2d 434.

I do not think that the situation in the Lockhart case is analogous to the one at bar. In view of the petitioner's failure to comply with the requirements of Section 235 of the New York Lien Law in respect

to refiling within the year, the lien of the petitioner has been lost.

Accordingly, the petition to review is dismissed and the order of the referee is affirmed. Settle order on notice.