In the Matter of CHURCHILL L. KOHLMAN, Judgment-Creditor-Appellant, against PERRY ALEXANDER, Judgment-Debtor-Respondent; IRVING MARCUS, Receiver-Respondent, and UNITED STATES OF AMERICA et al., Respondents.

First Department, March 29, 1956.

*Howard L. Lilienthal* of counsel (*Freedman & Lilienthal,* attorneys), for appellant.

*Emanuel Thebner* of counsel (*Robinson, Thebner & McLaughlin,* attorneys), for receiver-respondent.

*Sidney W. Rothstein* of counsel (*Rothstein and Rotolo,* attorneys), for Beatrice Reynolds, as administratrix of the estate of Robert Reynolds, deceased, respondent.

*Per Curiam.* This is an appeal by the judgment creditor from an order of Special Term, which, among other things, directs that " the sum of $3,834.21 be and the same hereby is directed to be paid to the United States of America, Director of Internal Revenue, which shall be applied by it to the payment of the claim of the United States of America against Perry Alexander, the defendant and judgment-debtor herein ".

A serious question is presented with respect to this direction. The claim of the United States Government arose from a tax deficiency for the year 1952 assessed against the judgment debtor in August, 1953, and asserted by a notice of lien filed in June, 1954, about fifteen months after the judgment creditor entered judgment and ten months after the receiver was appointed.

The receivership under consideration here is one in supplementary proceedings. Such a receivership has limited legal status and is circumscribed by a specific statute (Civ. Prac. Act, § 807). Pursuant thereto, the receiver takes title to personal property and qualified title to real estate as the trustee for the benefit of the judgment creditor for whom he is appointed, and all other judgment creditors to whose judgments his authority may be extended. He is commissioned to dispose of the property in order to pay such judgments. He may acquire only so much of the available property as is sufficient to satisfy the debt of the judgment creditor, and must return the remainder, if any, to the debtor (*Ward* v. *Petrie,* 157 N. Y. 301).

The Government contended at Special Term that by virtue of section 191 of title 31 of the United States Code its claim has priority over the judgment lien and must first be satisfied before distribution of any of the assets of the receivership is made to the judgment creditor. The statute provides: " Whenever any person indebted to the United States is insolvent, or whenever, the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which

the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

We must, therefore, determine whether insolvency existed within the meaning of the statute. It has been held that the word "insolvent" in the statute refers only to an insolvency contemplated by the Bankruptcy Act as distinguished from technical or common-law insolvency (*Nolte* v. *Hudson Navigation Co.*, 8 F. 2d 859). The type of receivership construed as an act of bankruptcy involves a liquidation of all the property of the debtor, and, in substance, amounts to a general assignment of the debtor's assets. In *Elfast* v. *Lamb* (111 F. 2d 434, 436) the court said: "That to constitute an act of bankruptcy a receivership must be a general one has been the rule laid down in numerous decisions." (See, also, *Illinois* v. *Campbell*, 329 U. S. 362, 368-369.)

Moreover, it appears that the debtor was not deceased, he did not make a voluntary assignment, he did not abscond, conceal or absent himself, nor permit his property to be attached by process of law.

In our view, the claim of the Government that its lien was superior to that of the judgment creditor under the terms of the statute is untenable. Claims of the United States for taxes are subordinate to a judgment lien which has attached before notice of the tax lien has been given or filed (U. S. Code, tit. 26, § 6323). Thus, the tax lien of the Government is not effective against the judgment creditor since the judgment had become a lien before the notice of the tax lien was filed.

It should be noted that the receiver ought not to be personally exposed to a possible claim for making the payment to the Government, since he complied with an order valid at the time. Moreover, the judgment creditor had the opportunity to apply either to Special Term or to this court for a stay pending appeal to protect his right to the fund.

The receivership should be continued in order to enable the receiver to regain the payment made to the Director of Internal Revenue, and in the event of such a recovery, to pay it over to the judgment creditor.

The order appealed from should, therefore, be modified in accordance with this opinion and, as so modified, affirmed. Settle order.

Peck, P. J., Breitel, Cox and Frank, JJ., concur.

Order unanimously modified in accordance with the opinion herein and, as so modified, affirmed. Settle order on notice.